### 54291. PRINCE v. COTTON STATES MUTUAL INSURANCE COMPANY.

McMURRAY, Judge.

On June 15, 1975, Grace Sutton Lindsey drove her 1972 Chrysler automobile in such a manner as to strike Ned Prince, who was a passenger on the back of a "trail bike" being operated by Ray Prince. Ms. Lindsey was insured for liability, including so-called no-fault insurance as required by Georgia Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B; Ga. L. 1974, p. 113, as amended, Ga. L. 1975, pp. 3, 4, 516-518, 1202-1208; and again amended in 1976, Ga. L. 1976, pp. 642, 643). Ned Prince submitted a claim to her insurer under the no-fault portion of the policy for injuries sustained, medical expenses incurred for treatment and lost earnings due to disability resulting from said injuries. The insurer refused to pay the loss, and Prince sued for $5,243.01 due as reimbursement for incurred medical expenses; $2,600 for lost wages; $1,960.75 as 25% penalty thereon; $10,000 as punitive damages and reasonable attorney fees. Cotton States Mutual Insurance Company, the insurer, answered admitting the issuance of the policy to Ms. Lindsey, but denied any liability under the policy and the claim as made.

After discovery plaintiff moved for partial summary judgment based on affidavits. In his supporting affidavit plaintiff stated "[t]hat he was a passenger riding on the back of a certain two (2) wheel, motor driven vehicle, a 1972 Yamaha, commonly known as a 'motor-bike' or 'trailbike,' which was being operated by Ray Prince on June 15, 1975 at 9:45 a.m. on the Nashville-Enigma Post Road. . ." Defendant moved for summary judgment with supporting affidavits. Defendant's motion for summary judgment was granted, the court holding that the vehicle upon which Prince was a passenger was a motorcycle within the meaning of the Code as used in Code Ann. § 56-3402b (g) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202,

1203); therefore the plaintiff was not a pedestrian as a matter of law. The complaint was dismissed, and plaintiff appeals. *Held:*

As used in the no-fault statute (Code Ann. Ch. 56-34B, supra) and under the alleged facts, plaintiff is an insured only if he is a pedestrian struck by the insured vehicle. See Code Ann. § 56-3402b (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203). Thereafter, in sub-paragraph (g), a pedestrian is defined as any person "not occupying a motor vehicle or a motorcycle or any motor driven vehicle designed primarily for operation upon the public streets, roads and highways, or not in or upon a vehicle operated on stationary rails or tracks, or aircraft." Plaintiff contends he is none of these. However, he was riding as a passenger aboard a "trail bike." Ordinarily, from the general definition of a pedestrian, we would say that the plaintiff was not a pedestrian, but we are bound by the above statutory definition as to what a pedestrian is, and therein the law defines what a pedestrian is not rather than what a pedestrian is. However, under definitions found in "The Uniform Rules of the Road" (Code, Title 68A; Code Ann. § 68A-101 (33); Ga. L. 1974, p. 633 et seq.), a pedestrian is defined as "[a]ny person afoot." Plaintiff's evidence submitted on summary judgment is that the "trail bike" was designed primarily for operation upon the public streets, roads and highways, "in that it is not equipped with a headlight or any lights and the tires are not made for use on the public streets, roads and highways," that it was "not registered as a Motorcycle and did not have a license tag" nor could it have been licensed. It is admitted, however, that it was a motor driven vehicle, commonly known as a "motor bike" or "trail bike" and a photograph of same is attached to the various affidavits. Defendant has attached evidence showing a two-wheel motor-driven vehicle looking very similar to the one involved in the collision here with tail lights and front light which an expert of the engineering division of Yamaha Motor Corporation contends is a motorcycle. Defendant also attaches an affidavit from an expert that the motor driven vehicle involved in the collision is (his opinion -?) in reality a motorcycle "popularly known as a trail bike but which was manufactured and designed for

street and trail use and . . . has obviously been modified subsequent to its manufacture by Yamaha in such a manner that it would not be legal for use on public streets and would be better suited for trail use." Another affidavit also infers that the motor driven vehicle involved in the collision is a motorcycle. Much of the evidence here is expert opinion testimony which cannot be considered as positive uncontroverted evidence on motion for summary judgment since a jury may consider same and completely disregard it. *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395); *Ginn v. Morgan,* 225 Ga. 192 (3) (167 SE2d 393); *General Motors Corp. v. Wilson,* 120 Ga. App. 156, 157 (169 SE2d 749).

But the court may take judicial notice of Code Ann. § 68A-101 (24), (25), (26) (Ga. L. 1974, p. 633) defining motor vehicle, motorcycle and motor driven cycle regardless of the negative definition as to pedestrian and hold from the uncontroverted evidence that plaintiff was "occupying" as a passenger a two-wheeled motor driven cycle, which is classified by law as a motorcycle; hence plaintiff was not a pedestrian within the meaning of Code Ann. § 56-3402b (g), supra. The trial court did not err in granting summary judgment for defendant and in dismissing the petition.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED OCTOBER 13, 1977.

*George B. Rushing,* for appellant.
*Fulcher, Hagler, Harper & Reed, G. Larry Bonner, Gould B. Hagler,* for appellee.