### 60066. ADDISON et al v. SOUTHERN GUARANTY INSURANCE COMPANY.

BANKE, Judge.

A lawsuit was filed in 1975 by Sheila Shope, a minor, and her father against Ralph Addison to recover for injuries sustained by the child in an accident on Addison's Honda CT-70 trail bike. Southern Guaranty Insurance Company, the appellee in this appeal, provided standard homeowner's coverage to Addison and filed a complaint for declaratory judgment seeking a determination that it need not defend the suit or pay any potential judgment under the policy. Based on the pleadings, exhibits, and stipulated facts, the trial court granted summary judgment to Southern Guaranty and denied a summary judgment motion filed by appellants. This appeal is from both judgments.

The stipulated facts show that the accident occurred when Sheila Shope got on the trail bike across the street from Addison's property, lost control of it, went down an incline, crossed the street, and struck a curb in front of the Addison home. Sheila was thrown from the bike and struck a fence post on the property next to that of Addison. She then fell on a cross tie which lay on the line separating Addison's property from that of his neighbor.

The homeowner's policy issued by the appellee contains an exclusion of coverage as follows: "This policy does not apply: 1. Under Coverage E—- Personal-Liability and Coverage F—-Medical Payments to Others: a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: (1) any aircraft; or (2) any motor vehicle owned or operated by, or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or (3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes."

Addison's trail bike had never been registered as a motor vehicle under the laws of Georgia. However, the trial court found as a matter of law that it was subject to registration under Code Ann. § 68-201. The court also found from the stipulated facts that the "accident" occurred on a public street. (We note that the policy language refers to the place of injury.) He therefore concluded that coverage was excluded under the policy provisions quoted above. *Held:*

The Georgia Motor Vehicle Code does not refer to "trail bike" either by inclusion or exclusion. However, this court has recently decided that a trail bike is indeed a motorcycle. *Prince v. Cotton States Mut. Ins. Co.,* 143 Ga. App. 512 (239 SE2d 198) (1977). A motorcycle is by statutory definition a "motor vehicle," which is in turn a "vehicle," which is defined as a "contrivance used for transportation of persons or property on public highways." Code Ann. § 68-101. Appellants urge that a trail bike is not intended to be used on the public highway and thus is neither "vehicle," "motor vehicle," nor "motorcycle." However, the trail bike in this case was shown both to have been capable of being ridden on public streets and in fact to have been ridden on a public street. Furthermore, Code Ann. § 68-201, which specifically requires that "[e]very owner of a motor vehicle, trailer, tractor . . . or *motorcycle* shall . . . register such vehicle," exempts motorized carts and mopeds (defined in Code Ann. § 68-101) from registration. No such exemption is found for "trail bikes." We thus conclude, as did the trial court, that the trail bike was subject to registration and was excluded from coverage under the homeowner's policy. This is true despite the language exempting from the exclusion vehicles "not subject to motor vehicle registration because . . . used exclusively on the resident premises." The Georgia registration statute does not exempt any such category of vehicles from registration, either explicitly or by implication.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Submitted June 6, 1980 — Decided
September 3, 1980.

*Asa Mitchell Powell, Jr., Theo D. Mann,* for appellants.
*J. Eugene Beckham, Jr., Steven E. Fanning,* for appellee.