## 61007. COTTON STATES MUTUAL INSURANCE COMPANY v. STATIRAS et al.
## 61008. POWER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
## 61009. AUTO-OWNERS INSURANCE COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

SHULMAN, Presiding Judge.

This is a civil action arising out of an automobile collision that resulted in the death of two persons and injuries to two others. Primarily at issue on this appeal is the insurance coverage under a policy issued by appellee State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") to Marvin E. Parker, one of the fatalities and the owner and driver of the modified 1962 Volkswagen (hereinafter "VW") involved in the collision.

There are two principal questions raised on appeal: (1) whether

the modified VW constituted an "automobile" for purposes of State Farm automobile insurance coverage under its policy issued to Mr. Parker; and (2) whether the vehicle constituted a "motor vehicle" under the Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B, Ga.L. 1974, p. 113 et seq., as amended). The latter issue gives rise to the question of liability under no-fault law and the status of the persons injured in the collision, i.e., whether such persons are "passengers" or "pedestrians."

In a declaratory judgment, the trial court answered both of the above questions in the negative, granting in part State Farm's motion for summary judgment. On appellant-Power's motion, the court also found that the persons who occupied the VW at the time of the collision were "pedestrians" under no-fault law. All appellants appeal the partial grant of State Farm's motion for summary judgment; appellant-Powers appeals the denial of her motion for summary judgment on the issue of the status of the VW, and appellants, excluding appellant-Power's, appeal the court's ruling that the occupants of the VW were pedestrians. We reverse the partial grant of State Farm's motion for summary judgment and the finding that the occupants of the VW were pedestrians, and affirm the denial of State Farm's motion for summary judgment on the issue of the status of the vehicle.

The definitions of automobile and motor vehicle in the State Farm policy and in Code Ann. § 56-3402b (a), respectively, are set forth below.

The State Farm definition of an automobile reads as follows: "Automobile — means a four wheel land motor vehicle *designed primarily for use principally upon public roads.*" (Emphasis supplied.) A motor vehicle under Code Ann. § 56-3402b (a) is "a vehicle having more than three load bearing wheels, of a kind required to be registered under the laws of this State relating to motor vehicles *designed primarily for operation upon the public streets, roads and highways,* and driven by power other than muscular power ..." (Emphasis supplied.) Inasmuch as the contractual language of the State Farm insurance policy defining "automobile" tracks the pertinent statutory language of § 56-3402b (a), the issues of whether or not the VW was an automobile and/or motor vehicle will be joined and the terms, unless stated otherwise, will be used interchangeably.

It is not disputed that the modified VW was a four wheel motor driven vehicle. The question thus presented to this court is whether the modified VW was, as a matter of law, designed primarily for use on public roads. (It should be noted that there is no question that the VW was originally designed primarily for use on public roads. The question is whether the modifications of the vehicle so altered that

original design that it was no longer *primarily* designed for such use.) After a careful review of the record, we hold that questions of fact remain as to the purpose for which the vehicle was primarily designed. Therefore, we cannot rule that the modified VW was or was not as a *matter of law* primarily designed for use on public roads. That being so, a grant of summary judgment either to State Farm or appellants on that issue is inappropriate.

Although the vehicle did appear to contain, in large part, the equipment of a "standard" automobile/motor vehicle, the physical makeup of the VW is not conclusive of its purpose or the primary use of its design. The evidence produced on motion for summary judgment showed that the modified VW had the following equipment or characteristics: (1) a VW frame; (2) a VW motor; (3) a gas tank; (4) a half-moon shaped plastic windshield over the driver's seat; (5) a roll bar; (6) two front seats; (7) four wheels and tires of highway passenger design and variety; (8) the standard VW suspension, steering, braking and transmission systems. There was evidence that the vehicle did not have the following: (1) a license tag[1]; (2) a Georgia inspection sticker; (3) headlights[2]; (4) taillights[3]; (5) fenders. We cannot agree with State Farm's contention that the lack of the above equipment mandated a finding in its favor on the issue of the status of the vehicle.

State Farm relies on the fact that an inspection sticker could not have been obtained for the modified VW, arguing that the fact that the vehicle lacked certain equipment necessary to pass inspection pursuant to Code Ann. Ch. 68-17 supports the determination that the vehicle was not an automobile/motor vehicle. We disagree.

"An 'automobile' is defined in terms of design and function and not, in our opinion, operability. ' "The word 'automobile' has a well-fixed significance in the popular understanding . . . It is understood to refer to a wheeled vehicle, propelled by gasoline, steam or electricity, and used for the transportation of persons or merchandise." [Cit.]' [Cit.] A wheeled vehicle, designed to be self-propelled and to serve as a means of transportation does not gain or lose status as an 'automobile' depending upon whether at any given time it is or is not fully capable of being operated as such." *Lumbermens Mut. Cas. Co. v. Commercial Union Assur. Co.,* 155 Ga. App. 908 (1980).

---

[1] In regard to the absence of a license tag it should be noted that Mr. Parker purchased the vehicle only hours before the collision occurred.

[2], [3] Although State Farm alleged that the vehicle had neither taillights nor headlights, appellants challenged that claim via affidavit.

It cannot be doubted that there are numerous vehicles currently on our public road, streets and highways that have not or could not pass safety inspection. It would be unreasonable and totally unwarranted to hold that, perforce, such vehicles are not motor vehicles as defined under Code Ann. § 56-3402b (a). See also Code Ann. § 68-101.

Nor does Mr. Parker's intention at the time of his purchase of the vehicle to use the VW for deer hunting require a determination as a matter of law that the vehicle was not designed primarily for use on public roads.

Even if Mr. Parker's subjective intent in purchasing the vehicle was not to use the VW on public roads, such intent is not relevant to the present inquiry; that is, the primary purpose for which the vehicle was designed. The intent of the purchaser simply does not address that issue. See *Addison v. Southern Guaranty Co.,* 155 Ga. App. 536 (271 SE2d 674) (1980).

That State Farm would not have knowingly carried insurance on the vehicle if it had had notice of its component nature[4] is not indicative of the status of the vehicle. State Farm cannot legitimately claim that it provides insurance to every owner of an "automobile" who seeks such insurance. Therefore, State Farm cannot successfully argue the converse. The fact that State Farm would have refused to assume the risk of insuring the vehicle in question is thus not determinative of its status.

Contrary to State Farm's contentions, *Horne v. Govt. Employees Ins. Co.,* 132 Ga. App. 230 (207 SE2d 636) does not compel judgment in its favor. That case involved a motorized bathtub which the court found "was designed and used for the purpose of racing annually in the University's [Southern Technological Institute's] Campus Drive, it clearly was not designed or used primarily for the transportation of persons or property . . . *The sole purpose for which the bathtubs were designed and operated was for racing on Campus Drive . . .*" (Emphasis supplied.) Id., p. 231.

In the instant case, State Farm (movant for summary judgment) has simply not met its burden of proof to show that the vehicle was not an automobile/motor vehicle as previously defined. Id., dissent at p. 233. Nor, in view of the inconclusive evidence on the issue, is this court prepared to find that the vehicle was, as a matter of law, an

---

[4]If such vehicle did in fact constitute an automobile, the vehicle would have been a covered automobile under Mr. Parker's policy, pursuant to the 30-day automatic insurance provision in such policy for newly-acquired automobiles.

automobile/motor vehicle. That question is for jury resolution. Accordingly, the partial grant of State Farm's motion for summary judgment must be reversed and the denial of appellant-Power's motion affirmed.

Tangential to the above determination is the determination of the status of the persons riding in the modified VW. In line with its holding that the VW was neither an automobile nor a motor vehicle, the trial court concluded that the persons riding in the VW were pedestrians under no-fault law.

A pedestrian is defined in Code Ann. § 56-3402b (g) as "any person not occupying a motor vehicle or a motorcycle or any motor driven vehicle *designed primarily for operation upon the public streets, roads and highways,* or not in or upon a vehicle operated on stationary rails or tracks or aircraft." (Emphasis supplied.)

Again, the issue is the primary purpose or design of the vehicle, which we have held under the facts of this case to be a jury question. If the jury determines that the modified VW was in fact an automobile/motor vehicle, then the individuals occupying the vehicle at the time of the collision would not be pedestrians. If, on the other hand, the jury determines that such individuals come within none of the categories set out in Code Ann. § 56-3402b (g), then it is conceivable that such persons, though not "afoot" (see Code Ann. § 68A-101 (33)), may be treated as "pedestrians" under no-fault law. See in this regard *Prince v. Cotton States Mut. Ins. Co.,* 143 Ga. App. 512 (239 SE2d 198). For the foregoing reason, the judgment of the trial court holding as a matter of law that the occupants of the vehicle were pedestrians was also error.

*Judgment reversed in Case No. 61007. Judgment reversed in part and affirmed in part in Case No. 61008. Judgment reversed in part and affirmed in part in Case No. 61009. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 19, 1981 —

*I. J. Parkerson,* for appellant (Case No. 61007).
*William R. Parker, Anthony L. Cochran, Mark S. Gannon, John E. Feagin, Jr., Eugene G. Partain,* for appellees.
*John E. Feagin, Jr.,* for appellant (Case No. 61008).
*Anthony L. Cochran, William R. Parker, Mark S. Gannon, I. J. Parkerson, Eugene G. Partain,* for appellees.
*Mark S. Gannon, Theresa A. Saggese,* for appellant (Case No. 61009).
*William R. Parker, Anthony L. Cochran, I. J. Parkerson, John E.*

*Feagin, Jr., Eugene G. Partain,* for appellees.