63865. BOWEN et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

CARLEY, Judge.
Appellant Sapp's son was killed in a collision between his motor vehicle and one which was being operated by appellant Bowen's son. The collision occurred on a public highway, not on property owned by Bowen. Sapp instituted a wrongful death action against appellant Bowen. Appellee Georgia Farm Bureau Mutual Insurance Company, Bowen's insurer, secured Bowen's consent to appellee's defense of the tort action pursuant to a nonwaiver of rights agreement. Appellee filed an answer in the tort action on behalf of Bowen and thereafter, instituted the instant declaratory judgment proceeding seeking an adjudication of noncoverage for the death of Sapp's son under the terms of the liability policy issued to Bowen. Finding that there was

no coverage under the policy, the trial court granted appellee's motion for summary judgment and appellants appeal.

1. Appellants advance several arguments in support of their position that genuine issues of material fact remain with reference to appellee's "estoppel" to deny coverage under the policy. Since the nonwaiver of rights agreement executed by Bowen is undated, appellant Sapp urges that it cannot be said that the agreement was "timely" secured "prior to [appellee's] assuming . . . the defense of the action brought against its insured" by filing an answer therein. *State Farm Mut. Auto. Ins. Co. v. Wheeler,* 160 Ga. App. 523, 526 (287 SE2d 281) (1981). While the nonwaiver of rights agreement is undated, "even assuming [appellee] had filed an answer in the underlying tort action before [securing Bowen's signature on the nonwaiver of rights agreement, he] 'expressly agreed to the reservation of rights when [subsequently] presented with it . . .' [Cit.]" *State Farm Mut. Auto. Ins. Co. v. Wheeler,* 160 Ga. App. 523, 527, supra. Accordingly, there is no viability in an estoppel defense to the instant declaratory judgment action by virtue of the fact that the executed agreement is undated.

Appellants also assert that, having obtained Bowen's consent to a defense of the tort action under a nonwaiver agreement, appellee is somehow "estopped" to seek an adjudication of noncoverage through the declaratory judgment procedure. Apparently, the argument is that "the salutary purposes of the Declaratory Judgment Act" have no application where the insured has given his express consent to the insurer's entry upon the defense of the tort action under a bilateral reservation of rights agreement. See *Richmond v. Ga. Farm Mut. Ins. Co.,* 140 Ga. App. 215, 218 (231 SE2d 245) (1976). "If an insurer has knowledge of the facts but does not feel safe in making a determination as to a proper course of action it may enter upon a defense under a reservation of rights and *then* seek a declaratory judgment." (Emphasis supplied.) *Gant v. State Farm Mut. Auto. Ins. Co.,* 109 Ga. App. 41, 43-44 (134 SE2d 886) (1964). "A proper and safe course of action for an insurer in this position is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor. [Cits.]" *Richmond,* 140 Ga. App. 217, supra. Accordingly, there was no error in considering the merits of appellee's claim for that relief.

The legal representation afforded Bowen in the underlying tort action has no relevancy to the issues presented in the instant declaratory judgment action. "The fact that certain attorneys of record who represent the insurer in the declaratory judgment action also filed an answer for the defendant [Bowen] under a reservation of rights agreement is no reason for dismissing a declaratory judgment

action, the purpose of which is to determine whether or not coverage exists." *Currington v. Federated Mut. Ins. Co.,* 145 Ga. App. 350 (243 SE2d 713) (1978).

2. Appellants assert that genuine issues of material fact remain with regard to the existence of liability coverage for the collision upon which Sapp's tort action is based. In the instant case, the relevant facts which surround the collision and the decisive policy language are essentially identical to the facts and exlusionary language which were present in *Addison v. Southern Guaranty Ins. Co.,* 155 Ga. App. 536 (271 SE2d 674) (1980). The arguments advanced by appellants in attacking the grant of summary judgment to appellee are likewise substantially the same as those rejected in *Addison.* Our review of the record demonstrates that, as in *Addision,* no genuine issues of material fact remain with regard to whether the death of Sapp's son arose "out of the ownership, maintenance, operation, use, loading or unloading" of a "motor vehicle owned or operated by . . . any insured," which motor vehicle was not exempt from registration. The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 24, 1982.

*Jon Garry Branan, George N. Skene,* for appellants.
*Bobby Jones, Kathy A. Bradley,* for appellee.