70157. GRANGE MUTUAL CASUALTY COMPANY
v. KING et al.
(331 SE2d 41)

DEEN, Presiding Judge.

Brandon Michael Newberry, a minor, was struck and seriously injured by a "trail bike" owned by appellee Marvin E. King and operated by Reginald King, son of appellees Marvin E. and Barbara J. King. The incident occurred in broad daylight as Brandon was playing on a sidewalk near his home with other children of his own age, when Reginald King, who was several years older, drove the trail bike down the sidewalk at an allegedly high speed and, according to his own deposition testimony, "kind of lost control."

Brandon's father, Charles J. Newberry, as next friend, brought an action against the Kings, alleging negligence and negligent entrustment. Mr. and Mrs. King in turn called on their insurer, appellant Grange Mutual Casualty Company (Grange), which had issued them

a homeowners insurance policy, to defend the action. Grange denied coverage, relying on certain exclusionary provisions in the policy. King then brought an action naming appellant as third-party defendant. Both King and Grange moved for summary judgment, and the trial court granted King's motion and denied that of appellant, holding that Grange was obligated to defend. On appeal, both of these judgments are enumerated as error. *Held*:

1. The basic issue in the instant case is whether the trail bike which caused the injury comes within the exclusionary provisions of the Kings' homeowners insurance policy. Under Schedule I, Coverage C-Unscheduled Personal Property, "motorized vehicles, except such vehicles pertaining to the service of the premises and licensed for road use" are expressly excluded from the policy's coverage. The section of the policy listing "Exclusions" under Coverage E (personal liability) and Coverage F (medical payments to others) expressly excludes "bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: . . . (2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or (3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises . . ." The "Definitions" section which follows the above-cited section of the policy defines "motor vehicle" as "a land motor vehicle or semi-trailer designed for travel on public roads . . . but does not include . . . any of the following: utility, boat, camp or home trailer, recreational motor vehicle, . . . tractor, farm implement or, if not subject to motor vehicle registration, any equipment . . . designed for use principally off public roads . . . 6. 'recreational motor vehicle' means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land vehicle designed for recreational use off public roads."

OCGA § 40-2-20 (a) requires "every owner of a motor vehicle, including a tractor or motorcycle, and every owner of a trailer" to register the vehicle each year "and obtain a license to operate it for the ensuing year." Subsection (b) of this statute excludes from the statute's application "any motorized cart" and "any moped." OCGA § 40-1-1 (24) defines "moped" as "a motor-driven cycle equipped with two or three wheels, foot pedals to permit muscular propulsion . . ., an independent power source . . ., and . . . a power drive system that functions directly or automatically only, not requiring clutching or shifting by the operator after the drive system is engaged." Subsection (25) defines "motorcycle" as "every motor vehicle having a seat

or saddle . . . and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor and moped." Reading these two statutes together, we must conclude that a motorcycle is subject to the provisions of Title 40, Motor Vehicles and Traffic, in general, and to those of § 40-2-20 in particular. Georgia courts have held expressly that a trail bike is a motorcycle. *Addison v. Southern Guaranty Ins. Co.*, 155 Ga. App. 536, 537 (271 SE2d 674) (1980); *Prince v. Cotton States Mut. Ins. Co.*, 143 Ga. App. 512 (239 SE2d 198) (1977). Although the record in the instant case indicates that the King vehicle was not actually registered, it nevertheless comes within the class of vehicles which under the applicable statutory provisions are required to be registered, *Addison v. Southern Guaranty Ins. Co.*, supra at 536, and therefore within the exclusionary clauses of the Kings' homeowners policy.

2. An insurance policy is a contract and has the same attributes and requirements as any other contract. OCGA §§ 13-3-1; 33-24-16; *Genone v. Citizens Ins. Co.*, 207 Ga. 83 (60 SE2d 125) (1950). Like any other contract, an insurance policy must be interpreted according to its plain language and its express terms, absent fraud or other potentially invalidating circumstances not obtaining here. *Kytle v. Ga. Farm Bureau Mut. Ins. Co.*, 128 Ga. App. 109 (195 SE2d 787) (1973); *Nat. Hills Shopping Center v. Liberty Mut. Ins. Co.*, 551 F2d 655 (5th Cir. 1977). When the contract is properly interpreted, the parties thereto are bound by its language and its terms. See generally *Ranger Ins. Co. v. Columbus-Muscogee Aviation*, 130 Ga. App. 742 (204 SE2d 474) (1974).

As we have indicated, supra, the exclusionary provisions of the policy involved in the instant case are quite explicit and clearly expressed, and there has been no allegation of fraud or other improper conduct by either party. We therefore hold that the trial court erred in granting appellees' motion for summary judgment and denying that of appellant.

This does not mean, of course, that plaintiffs cannot pursue their theory of negligent entrustment against defendants. It means merely that the Kings' insurance will not cover them if they are found liable for negligent entrustment.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree but upon a somewhat different basis.

Section I of this homeowners policy deals with losses to the insured's property of various types, from certain perils, and so is not relevant here. Section II relates to liability of the insured for bodily injury to someone else and to property damage to someone else's

property. This suit involves injury to a third person, off the premises, by defendants' minor son while using an unregistered trail bike. Thus the question is whether defendants' liability for that incident, if there is any, is covered by Section II.

As to personal liability, the appellant in Coverage E " . . . agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." In Coverage F it "agrees to pay all reasonable medical expenses, . . . to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is: . . . 2. elsewhere [i.e., not on the insured premises], if such bodily injury . . . b. is caused by the activities of any insured, . . ."

An "insured" is defined in the General Conditions relating to both Sections I and II to mean "8. a. (2) . . . residents of the Named Insured's household, . . ." Thus, so far, the incident being complained of here is covered.

Of course, as is usual, this coverage under E and F do not apply to the use, et cetera, of aircraft and most motor vehicles. It *does* cover personal liability and medical payments to others for bodily injury or property damage if the vehicle is of a certain premise-kept type (like a rideable lawn mower, I suppose). It does not apply to certain recreational motor vehicles, but as the majority has shown, the trail bike here would not, under the policy definition, constitute an excluded "recreational motor vehicle" because it is subject to motor vehicle registration.

We must therefore back up to determine if it is an excluded "motor vehicle," and under the definition of that term as used in Section II, it is just that because it is "a land motor vehicle . . . designed for travel on public roads."

Since the personal injury here complained of arose out of the "ownership, . . . operation, [and/or] use . . . of any motor vehicle owned or operated by . . . any insured," which motor vehicle was "subject to motor vehicle registration," the incident involving it was clearly excluded. *Addison v. Southern Guaranty Ins. Co.*, 155 Ga. App. 536 (271 SE2d 674) (1980). Whether the insureds intended that it not be used on public roads would be irrelevant. *Cotton States Mut. Ins. Co. v. Statiras*, 157 Ga. App. 169, 172 (276 SE2d 853) (1981). And whether it was in fact registered or not also makes no difference. See *Farlow v. Vigilant Ins. Co.*, 165 Ga. App. 696, 698 (302 SE2d 578) (1983), distinguishing the language used here. Likewise, whether the alleged liability was based on a theory of negligence or negligent entrustment or any other theory would not require or allow a different answer; the policy makes no distinction.

DECIDED APRIL 19, 1985 —
REHEARING DENIED MAY 7, 1985 — 

*Ray L. Allison*, for appellant.
*Douglas L. Breault, John T. Laney III*, for appellees.