## 73288. ATKINSON v. ALLSTATE INSURANCE COMPANY.
(354 SE2d 866)

BENHAM, Judge.

Appellant Atkinson was injured when the dune buggy in which he was riding overturned. He filed an action alleging negligence against the non-owner, permissive driver of the vehicle, W. J. Carreker. At the time of the mishap, there was in effect an automobile liability insurance policy issued by appellee Allstate Insurance Co. ("Allstate") to Carreker's father that insured young Carreker as the permissive driver of a non-owned automobile. Appellee filed a complaint for declaratory judgment, contending that the dune buggy was not an insured auto under the liability policy issued to Carreker. A jury rendered a verdict in appellee's favor, and it is from the judgment entered thereon that appellant appeals.

1. Appellant contends that the trial court erred when it failed to grant appellant's motions for directed verdict and judgment notwithstanding the verdict. The "any evidence" standard is applicable in appellate review of the grant or denial of a directed verdict or j.n.o.v. *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983); *Dept. of Human Resources v. Montgomery*, 248 Ga. 465 (1) (284 SE2d 263) (1981). Under the terms of the liability policy, Allstate insured a non-owned auto used by Carreker with the permission of the owner. The policy defined "auto" as "a land motor vehicle designed for use principally upon public roads." The owner of the dune buggy testified that he had converted his 1964 Volkswagen into the dune buggy involved for recreational purposes. While he admitted the converted vehicle had been driven on public roads, the owner testified he "went in the woods with it more than [he] did . . . anywhere else." Since there was evidence to support the jury's verdict, the denial of appellant's motions was not error. *Pendley v. Pendley*, supra.

2. Appellant seeks reversal of the judgment on the ground that the trial court erroneously failed to give the jury requested instructions based upon OCGA § 40-1-1 (29) and (68). The statutory subparts contain the definitions of "motor vehicle" and "vehicle" as those terms are used in the statutes contained in Title 40, Motor Vehicles and Traffic. However, the scope of the jury's inquiry did not encompass the statutory definition of a motor vehicle or a vehicle. Rather, the jury's task was to determine whether the terms of the liability policy encompassed the dune buggy, i.e., whether the dune buggy was "a land motor vehicle designed for use principally upon public roads." The charges requested by appellant were not applicable to the jury's inquiry; therefore, the failure to give them to the jury was not error.

This court's decision in *Cotton States &c. Ins. Co. v. Statiras*, 157 Ga. App. 169 (276 SE2d 853) (1981), is distinguishable in that it

arose under the provisions of the Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-1 et seq.) while the case at bar involves a policy of liability insurance.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 6, 1987.

*Thomas M. Green*, for appellant.
*Robert S. Slocumb*, for appellee.