## 76660. MONEY et al. v. DANIEL.
(372 SE2d 305)

SOGNIER, Judge.

Brenda Sue Daniel brought an action against Donald Wayne Money and Transus, Inc. to recover damages arising out of a collision between an automobile operated by Daniel and a tractor-trailer truck owned by Transus and driven by Money. Money and Transus an-

swered and counterclaimed for damages to the truck. A jury trial resulted in a verdict for Daniel, and Money and Transus appeal from the judgment rendered thereon.

The record reveals that the accident occurred in the city of Columbus as appellee turned right onto the street from a private parking lot driveway and proceeded south. Money was driving his employer's truck north on the street. The collision was almost head-on near the imaginary centerline of the street. The testimony was conflicting as to which vehicle or vehicles may have been over the centerline, and as to the speed of the truck.

1. Appellants contend the trial court erred by failing to give their requested charges as to certain portions of the Uniform Rules of the Road, specifically OCGA §§ 40-6-73 and 40-6-144.

OCGA § 40-6-73 provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed." OCGA § 40-6-144 provides that "[t]he driver of a vehicle emerging from an alley, building, private road, or driveway within a business or residential district shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across such alley, building entrance, road, or driveway or, in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon."

It is undisputed that at the time of the collision appellee had just entered the roadway from the driveway of her employer's parking lot. However, there is no testimony in the record indicating whether appellee stopped before entering the roadway. Appellee testified that she had no memory of the accident or the moments before the accident. Money testified at trial that he saw appellee in the driveway before her vehicle entered the roadway. No other evidence was adduced by either party on this point. We need not decide whether, as appellee argues, Money's prior testimony was contradictory on this point because even assuming, without deciding, that it was, neither version indicates whether appellee stopped before entering the roadway. The requested charges were, thus, not adjusted to the facts of the case. "A requested charge need be given only when it embraces a correct and complete principle of law *and is pertinent and adjusted to the facts of the case.* [Cit.]" (Emphasis supplied.) *Sapp v. Johnson,* 184 Ga. App. 603, 605 (1) (362 SE2d 82) (1987).

Further, the question of whether appellee stopped her vehicle before entering the street was not related by any evidence to the issue in the case, which was liability for the collision. Even if appellee *had* failed to stop before entering the roadway, the record contains no evidence or argument that any such failure to stop was related to the

accident. Accordingly, the scope of the jury's inquiry did not encompass the subject matter of the statutes in the requested charges, and the failure to give the charges was not error. See *Atkinson v. Allstate Ins. Co.*, 182 Ga. App. 50 (2) (354 SE2d 866) (1987).

2. Although appellants enumerate as error the trial court's instruction to the jury that neither party had an absolute right-of-way, the record shows that appellants did not object to the charge. Rather, when asked by the trial court if he had any objections to the charge as given, appellants' attorney objected only to the failure to give their requested charges discussed in Division 1. By failing to object to the charge as given, appellants waived appellate consideration of this issue. *AAA Van Svcs. v. Willis*, 180 Ga. App. 18, 19 (3) (348 SE2d 475) (1986).

3. Although appellants contend in their final enumeration of error the trial court erred by excluding certain testimony from the investigating police officer as to the cause of the collision, even assuming this testimony was admissible, see *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 443-444 (3) (197 SE2d 459) (1973), appellants failed to proffer any evidence as to what the excluded testimony would have been. " 'On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party.' [Cit.]" *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (2) (292 SE2d 444) (1982). As there is nothing in the record to indicate an offer of proof on the excluded answer, there is nothing in this regard for us to review on appeal. Id.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully in Divisions 2 and 3 and in the judgment, I cannot agree with all that is said in Division 1 on a party failing to stop before entering the roadway.

DECIDED SEPTEMBER 6, 1988.

*Charles E. Walker*, for appellants.
*William B. Hardegree*, for appellee.