## A96A0392. NALLEY et al. v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

(472 SE2d 82)

JOHNSON, Judge.

Nine-year-old Kristina Grantham was operating a 1992 Honda Z50R "minibike"-type motorcycle owned by her grandparents and legal guardians, Seaborn and Helen Abercrombie, when she was involved in an accident on a public roadway. The cycle was a driver-only model intended for off-road use only. However, Grantham's friend, Jamie Lea Nalley, was riding as a passenger when the cycle was struck by a car, injuring Nalley. Nalley and her mother brought suit against Grantham and the Abercrombies. Nationwide Mutual Fire Insurance Company, the Abercrombies' insurance carrier, brought this declaratory judgment action asserting there was no coverage for the accident under either the Abercrombies' automobile or homeowners insurance policy. The trial court granted Nationwide's motion for summary judgment.

Nalley acquiesces in the trial court's finding that the Abercrombies' automobile policy does not provide coverage, and bases this appeal on the trial court's conclusion that the Elite II homeowners policy does not provide coverage.

1. Nalley contends the trial court erred in finding that the minibike falls within the motor vehicle exclusion from liability coverage in the Nationwide Elite II homeowners policy. We must disagree.

The following provisions in the policy are relevant to the issues raised in this division: Section II, 1 (e) (2) provides: "Coverage E — Personal Liability, and Coverage F — Medical Payment to Others, do not apply to bodily injury or property damage arising out of the ownership, maintenance, or use of a motor vehicle owned or operated by, or rented or loaned to an insured." Motor vehicle is defined alternatively as "a motorized land vehicle including motorized bicycles or mopeds designed for travel on public roads or subject to motor vehicle registration" (policy definitions 5 (a)) or as "a motorized golf cart, snowmobile or other motorized land vehicle owned by an insured and designed for recreation use off public roads, while off an insured location" (policy definitions 5 (c)). The trial court concluded that the cycle at issue in this case falls within definitions of motor vehicles contained in both section 5 (a) and (c).

In *Addison v. Southern Guaranty Ins. Co.*, 155 Ga. App. 536 (271 SE2d 674) (1980), this Court held that a motorized trail bike not intended for use on a public highway was a "motor vehicle" subject to registration requirements, and therefore falling squarely within the exclusion language in a homeowners insurance policy similar to that at issue in this case. Similarly, in *Grange Mut. Cas. Co. v. King*, 174 Ga. App. 716 (331 SE2d 41) (1985), this Court held that a trailbike

met the statutory definition of a motor vehicle subject to registration for purposes of triggering the exclusion even though the cycle had not been registered. Neither *Atkinson v. Allstate Ins. Co.*, 182 Ga. App. 50 (354 SE2d 866) (1987), nor *Cotton States &c. Ins. Co. v. Statiras*, 157 Ga. App. 169 (276 SE2d 853) (1981), cases relied upon by Nalley, requires a different result. *Atkinson* and *Statiras* examine whether vehicles which were originally designed for use principally upon public roads, but later converted into vehicles for use both on and off road, still satisfied the definitions of motor vehicles in automobile, not homeowners, insurance policies. Neither decision addressed whether the vehicles were subject to registration. We agree with the trial court's conclusion that the cycle in this case meets the statutory requirements for registration, thus falling within the definition of motor vehicle in section 5 (a) of the Abercrombies' homeowners insurance policy.

The trial court further found that even if the cycle is not a motor vehicle under section 5 (a), it comes under the exclusion contemplated by section 5 (c), which defines motor vehicle as any "other motorized land vehicle owned by an insured and designed for recreation use off public roads, while off an insured location." Here, the girls rode a vehicle designed for off-road recreational use off the Abercrombies' property and onto a public roadway where they were involved in an accident with an automobile. These facts clearly trigger the exclusion contained in the policy.

2. Appellants argue that the trial court erred in finding that the Nationwide Elite II homeowners policy was not vague and ambiguous. Again we must disagree.

"The words used in policies of insurance, as in all other contracts, bear their usual and common significance, and policies of insurance are, as all other contracts, to be construed in their ordinary meaning. . . . If the provisions of an insurance policy are ambiguous, or if the provisions in it are conflicting, it is to be construed in favor of the insured and against the company. However, courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract." (Citations and punctuation omitted.) *Hollis v. St. Paul Fire &c. Ins. Co.*, 203 Ga. App. 252, 253 (416 SE2d 827) (1992).

Nalley argues that the definition of a motor vehicle in section 5 (a) is ambiguous because it first addresses design considerations and then contains a second clause relating to registration. The clauses in section 5 (a) are connected by the word "or." The definitions of a motor vehicle in this section can be read either as "a motorized land vehicle including motorized bicycles or mopeds designed for travel on

public roads" *or* "a motorized land vehicle including motorized bicycles or mopeds subject to motor vehicle registration." The word "or" provides a succinct method for offering alternatives. We do not find alternative definitions within the same subpart of this policy, set apart by the word "or," to be so grammatically complex as to render the section vague or ambiguous.

Likewise, we must reject Nalley's argument that the presence of several subparts in section 5, each defining motor vehicle, are ambiguous because "they were not written in either the disjunctive or conjunctive." A semi-trailer (section 5 (b)) cannot simultaneously be a motorized golf cart or a snowmobile (section 5 (c)). Therefore, appellants' suggestion that this section is ambiguous because it does not expressly state that the definitions in the subparts are alternative and not cumulative definitions is without merit. Nalley's remaining arguments regarding the language of the policy are similarly without merit.

3. Nalley argues that the trial court erred in failing to find that the reasonable expectations of the purchasers of this Nationwide Elite II homeowners policy was that the policy would provide coverage for this type of incident. Mr. Abercrombie testified at his deposition that he believed his homeowners insurance policy would cover the minibike if it was stolen. When asked if it would cover a claim arising out of an accident while someone was using the minibike, he replied that he had other types of insurance which would cover things like that. Because Mr. Abercrombie admitted in his deposition that he did not believe the homeowners policy would provide coverage for an accident such as this one, it is not necessary to address counsel's arguments that Abercrombie, in fact, expected the opposite.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the judgment affirming summary judgment in favor of the plaintiff-insurer, Nationwide Mutual Fire Insurance Company ("Nationwide"), in this instance. In my view, there is an ambiguity in Nationwide's homeowners policy, excluding liability coverage for personal injuries arising out of the use of a motor vehicle. This ambiguity lies in the distinction between a motor vehicle as a motorized bicycle or moped designed for travel on public roads or subject to motor vehicle registration, on the one hand, and a motorized golf cart, snowmobile or other motorized land vehicle designed for use off public roads, on the other hand. These terms were selected by the insurer and presumably mean something different from each other. " '[W]ords, like people, are judged by the com-

pany they keep.' *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556 (307 SE2d 499) (1983). Where the phrasing of an insurance policy is so confusing that an average policyholder cannot make out the boundaries of coverage, there is a genuine ambiguity. See *Gary L. Shaw Builders v. State Auto Mut. Ins. Co.*, 182 Ga. App. 220, 224 (355 SE2d 130) (1987). In the instant case, the meaning of [Nationwide's exclusion for personal injuries arising from the use of a motor vehicle] is far from clear." *Ga. Baptist Children's Homes &c. v. Essex Ins. Co.*, 207 Ga. App. 346 (1), 347 (427 SE2d 798).

Moreover, I believe that to apply the ambiguous exclusion in this instance defeats the reasonable expectations of the insured homeowner. In the recent whole court decision of *Hinton v. Interstate Guaranty Ins. Co.*, 220 Ga. App. 699 (1) (470 SE2d 292), this Court decided that a farmer's tractor was *not* a motor vehicle subject to registration, and held that a motorist's collision on a public road with this unregistered tractor was not a covered event under the uninsured motorist provisions of that plaintiff's own automobile insurance policy. It is my view, that the rationale employed therein has effectively overruled, sub silentio, the holdings of *Addison v. Southern Guaranty Ins. Co.*, 155 Ga. App. 536, 537 (271 SE2d 674) and *Prince v. Cotton States Mut. Ins. Co.*, 143 Ga. App. 512 (239 SE2d 198). As it is my view that a jury issue is created by the ambiguous terms of Nationwide's prolix exclusion, I respectfully dissent from the judgment of affirmance.

DECIDED MAY 6, 1996 —
RECONSIDERATION DENIED MAY 28, 1996 — 

*Butler, Wooten, Overby & Cheely, Robert D. Cheely, Patrick A. Dawson, Keith A. Pittman*, for appellants.
*Temples, Strickland & Counts, Gregg P. Counts*, for appellee.