## A96A1517. SOUTHERN FIRE & CASUALTY COMPANY v. JAMERSON et al.
### (479 SE2d 404)

SMITH, Judge.

Five-year-old Matthew Shaun Mayhand was killed when a tractor owned by Earl Jamerson rolled over him. Matthew's grandfather and legal guardian, Ronald Mayhand, filed an action for damages against Jamerson. Southern Fire & Casualty Company, who had issued a policy of homeowner's insurance to Jamerson, filed this action seeking a declaration that it had no duty to defend or pay a judgment in the underlying action. The parties stipulated that the trial court would determine all issues of law and fact.

The parties stipulated the following facts. Matthew, Ronald Mayhand, and Brenda Sue Williams all resided with Jamerson and his wife, Gloria Jamerson, on the day Matthew died. Williams is the niece of Gloria Jamerson. The policy issued by Southern Fire includes the following exclusion of coverage for personal liability: "Personal liability [coverage] does not apply to . . . bodily injury to you or an insured within the meaning of part a. or b. of 'insured' as defined." The policy defines "insured" as "you and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above."

For two general reasons, the trial court concluded that Matthew did not fall within the definition of "insured" and that the policy did not exclude bodily injury coverage for his death. First, the trial court concluded Matthew was not a relative of Jamerson by virtue of an alleged common law marriage relationship between Mayhand and Williams. Second, the trial court concluded that the definition of "insured" in subsection b. was vague and ambiguous. Specifically, the trial court concluded that the phrase "any person named above" in subsection b. was ambiguous because "it may refer to those persons meeting the criteria of paragraph 3 (a) of the insurance policy or it may refer to those persons who are actually named insured, i.e., Earl Jamerson." Because we agree with Southern Fire that the definition of "insured" in 3 b. is not ambiguous and that it excludes liability coverage for Matthew's death, we reverse.

1. "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one *reasonable* construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage." (Citations and punctuation omitted; emphasis supplied.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (3) (454 SE2d 616) (1995). Similarly, "courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract." (Citation and punctuation omitted.) *Nalley v. Nationwide Mut. Fire Ins. Co.*, 221 Ga. App. 537, 538 (2) (472 SE2d 82) (1996).

When read in the context of the entire policy, the only reasonable construction of the phrase "any person named above" is that the phrase refers to Jamerson's relatives. It immediately follows the definition of "insured" in subsection a. as "your relatives." It is clear from language used elsewhere in the policy that when a provision refers only to Jamerson, he is referred to as "you." Part b. of the definition of "insured," on the other hand, does not simply say "other persons under the age of 21 and in *your* care." It uses the phrase "any person named above," and that phrase must therefore have some meaning other than "you." Under the trial court's construction — and that urged by Jamerson — the language following the word "or" is rendered mere surplusage; it has no meaning. Such a construction is not favored by our law. See, e.g., *Pounds v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 689, 694 (2) (382 SE2d 602) (1989). Given that the words of insurance policies are "to be construed in their ordinary meaning," *Nalley*, supra at 538, and examining the four corners of the policy, it is clear that the phrase "in the care of any person named above" in subsection b. refers to that category of individuals identified in the subsection of the policy immediately preceding the language at issue — relatives. The phrase was not ambiguous, and the trial court's strained construction otherwise was erroneous.

The parties stipulated that Matthew was under the supervision of Williams when he died and Williams was a resident relative of Jamerson's wife. Consequently, Matthew was in the care of a resident relative of the Jamerson household and was an insured under the terms of the policy. Because Matthew was an insured, coverage did not extend to his death under the bodily injuries exclusion.

2. Southern Fire also complains of other rulings by the trial court, including the trial court's determination that Mayhand and Williams were not common law spouses. Because of our holding in

Division 1, these contentions are moot.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 18, 1996 —

*Martin, Snow, Grant & Napier, Cubbedge Snow III, Wallace D. Bonner, Jr.*, for appellant.

*Worthington & Flournoy, Samuel W. Worthington III, Cathey & Strain, Dennis T. Cathey, David A. Sleppy, Patrick J. Araguel, Jr.*, for appellees.