A98A0605. McMILLAN v. SIVER.
(504 SE2d 208)

Judge Harold R. Banke.

The underlying case arose from the vestiges of a business relationship between Donald McMillan and Mark W. Siver that deteriorated. Under the terms of a contract to purchase the Auto Hospital, an automobile repair business, McMillan and Siver were obligated to make monthly payments to Billy Ray Hatley and on Hatley's bank

note. About two months later, Siver sold his half interest in the business. When payments fell into arrears several months later, Hatley retook the business.

Feeling that he was entitled to half of the proceeds from Siver's sale of his interest, McMillan swore out an arrest warrant against Siver, accusing his former business partner of theft by conversion. Siver sent a demand letter to McMillan's attorney, Adrian F. Lanser III, threatening legal action if the affidavit of arrest was not withdrawn. After the criminal charge was dismissed for lack of probable cause, Siver sued McMillan for malicious arrest, malicious prosecution, and intentional infliction of emotional distress. McMillan filed a third party action against Lanser, and his law firm, Lanser, Levinson & Paul, P. C., in which he claimed that Lanser had misadvised him when Lanser drafted the warrant.

Prior to trial, as a discovery-related sanction, the court struck McMillan's answer and counterclaims. The action proceeded to trial on the issue of damages in connection with Siver's claims against McMillan and on McMillan's third party claim against Lanser and his firm.

By McMillan's own admission, the warrant should never have been issued. McMillan admitted that he was aware at the time that he swore out the warrant that Siver had not sold anything not belonging to him and that the affidavit for arrest was untrue and inaccurate. He acknowledged that he never really believed that Siver had committed a crime and admitted that he swore out the warrant as a means of recouping part of the money he had lost.

When McMillan sought to have his wife, Kelly McMillan, testify as a rebuttal witness, Lanser objected. Lanser claimed that she was a surprise witness being offered in violation of a verbal agreement with McMillan's counsel that in the event that she was to testify, counsel would be afforded an advance opportunity to depose her. The trial court then conducted a hearing on the matter. Two lawyers representing Lanser affirmatively stated that notwithstanding the fact that the witness had been listed in the pretrial order as a "may call" witness, it was understood that she would not be called without Lanser being afforded an opportunity to depose her. McMillan's attorney did not contradict their assertions but only maintained that he had no recollection of any such agreement. Based on these statements, the trial court determined that an agreement existed and ruled "as a matter of professionalism that she [Kelly McMillan] cannot testify." After the court's ruling, McMillan posed no objection to the exclusion of the testimony.[1]

---

[1] In fact, McMillan's counsel twice stated that he would "rather forego her testimony

The jury returned a verdict in favor of Siver for $52,750 plus attorney fees of $35,000. The jury found in favor of Lanser on McMillan's third party claim. *Held*:

In his sole enumeration of error, McMillan contends that the trial court erred in refusing to allow his wife to testify because she had been named in the pretrial order and her testimony was relevant and material to disputed issues. He asserts that it is highly probable that the excluded testimony, if believed by the jury, would have altered the verdict in terms of the punitive damages and attorney fees.

Notwithstanding McMillan's claim to the contrary, the trial court did not simply refuse to allow a witness who had been listed on a pretrial order to testify. Compare *Ga. Building Svcs. v. Perry*, 193 Ga. App. 288, 289-290 (1) (387 SE2d 898) (1989). Instead, the trial court made it abundantly clear that it based its ruling on counsels' uncontroverted statements made in open court. Where a trial court, as here, makes a factual finding, the court's determination will be affirmed unless it is clearly erroneous. *Smith v. Smith*, 248 Ga. 268 (1) (282 SE2d 324) (1981). Whether to permit a witness to testify lies within the sound discretion of the trial court and the court's decision will not be disturbed absent abuse. *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 588 (6) (227 SE2d 77) (1976). Here, no abuse of that discretion has been shown.

Even assuming arguendo, that the alleged error was not waived by McMillan's failure to object after the court's ruling, McMillan did not show the requisite harm for reversal. *Lewis v. Uselton*, 224 Ga. App. 428, 430 (4) (480 SE2d 856) (1997). McMillan made no detailed proffer of the excluded testimony. Instead, counsel merely asserted that Kelly McMillan had overheard the discussion between McMillan and Lanser concerning the warrant, and would state that on more than one occasion her husband had said, "I don't want to do this. This is not the way I want to pursue this, which Mr. Lanser has bent and denied."

To afford a proper basis for review of an asserted error, it must be shown that pertinent questions would be asked and what the answers would be, and that such testimony was material and would have benefited the complaining party. *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (2) (292 SE2d 444) (1982). In this case, only two issues remained for resolution: McMillan's damages to Siver and Lanser's liability, if any, to Siver, since McMillan was precluded from contesting his liability to Siver. McMillan's terse summary of the pro-

---

than have you believe that I would do that [misrepresent the terms of an agreement between counsel]."

jected testimony failed to establish how the excluded testimony would have been material to the issue of damages or how it would have been beneficial to his claims against Lanser.[2] *Zohbe*, 162 Ga. App. at 605 (2). Having examined the skeletal outline proffered below, we cannot say that McMillan established the requisite harm. *Money v. Daniel*, 188 Ga. App. 215, 217 (3) (372 SE2d 305) (1988).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JUNE 17, 1998 —
RECONSIDERATION DENIED JULY 10, 1998 — 

*John R. Gaughen*, for appellant.
*Kitchens, Kelley & Gaynes, Stephen V. Kern, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Jonathan E. White*, for appellee.

---

[2] In any event, the excluded testimony about McMillan's purported reluctance might have exacerbated the jury's award of damages to Siver, if the jury believed that McMillan was hesitant because he knew that he was acting improperly in swearing out the warrant.
[1] White is also Darden's ex-husband.