### 71353. WALKER v. LEADER NATIONAL INSURANCE COMPANY.
(340 SE2d 231)

SOGNIER, Judge.

Violet Walker brought this action for basic personal injury protection (PIP) benefits on behalf of her minor daughter against Leader National Insurance Company (Leader). Walker's daughter was operating a trail bike when she was struck by an automobile driven by one of Leader's policyholders. The trial court granted summary judgment in favor of Leader and Walker appeals.

Appellant contends the trial court erred by granting summary judgment in favor of appellee because there is a question of fact whether appellant was a "pedestrian" within the meaning of OCGA § 33-34-2 (11). That section defines "pedestrian" as, "any person not occupying a motor vehicle or a motorcycle or any other motor driven vehicle designed primarily for operation upon the public streets, roads, and highways. . . ." This case is controlled by our opinion in *Prince v. Cotton States &c. Ins. Co.*, 143 Ga. App. 512 (239 SE2d 198) (1977), wherein we held that a trail bike is a motorcycle for purposes of OCGA § 33-34-2 (11). Therefore, appellant's daughter was not a pedestrian at the time of the accident and is not eligible for benefits under the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 23, 1986.

*James T. Irvin*, for appellant.
*R. Thomas Jarrard*, for appellee.