## 74631. GODWIN v. AUTO-OWNERS INSURANCE COMPANY et al.

(357 SE2d 308)

DEEN, Presiding Judge.

The appellant's son was injured when a Honda three-wheeler motor vehicle, on which he was a passenger, was struck by a pickup truck. The appellee, Auto-Owners Insurance Company, insured the pickup truck, providing basic no-fault benefits. The appellant commenced this action against Auto-Owners, asserting a claim for her son's injuries on the basis that he was a pedestrian. The trial court granted summary judgment for Auto-Owners, concluding that the appellant's son was occupying a motorcycle and thus not entitled to no-fault benefits as a pedestrian. This appeal followed. *Held*:

OCGA § 33-34-2 (11) defines pedestrian as "any person not occupying a motor vehicle or a motorcycle or any other motor driven vehicle designed primarily for operation upon the public streets, roads, and highways or not in or upon a vehicle operated on stationary rails or tracks or not in or upon any aircraft." OCGA § 40-1-1 (25) defines motorcycle as "every motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor and moped." This court has previously classified a recreational "trail bike" as a motorcycle within the meaning of OCGA § 33-34-2 (11). *Prince v. Cotton States Mut. Ins. Co.*, 143 Ga. App. 512 (239 SE2d 198) (1977); *Walker v. Leader Nat. Ins. Co.*, 177 Ga. App. 556 (340 SE2d 231) (1986). We conclude that the recreational Honda three-wheeler likewise must be considered a motorcycle within the meaning of OCGA § 33-34-2 (11), and summary judgment for the appellee was proper.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987.

*Julius A. Powell, Jr.*, for appellant.

*John C. Edwards, Frank H. Childs, Jr.*, for appellees.