42700. NATIONWIDE MUTUAL INSURANCE COMPANY v. PEEK et al.

ARGUED APRIL 5, 1967—DECIDED MAY 2, 1967.

# 679


Glenn T. York, Jr., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert J. NeSmith, H. A. Stephens, Jr., for appellant.

Noone, Moseley & Bell, Roger W. Noone, Charles R. McBride, Henry A. Stewart, Sr., for appellees.

QUILLIAN, Judge. 1. Enumeration of error 2 complains of the trial judge's ruling that the exclusion provision of the insurance policy was not effective and the denying of the prayers for declaratory relief.

The policy issued by Nationwide to Watkins Motor Lines, Inc., defines an "insured" as including ". . . the Named Insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission." Both Wilson and Peek were permissive users of vehicles hired by Watkins Motor Lines, Inc., and insureds under the policy.

An exclusion provision in the policy issued to Watkins Motor Lines, Inc., provides: "This policy does not apply . . . (f) under Coverage E, to injury to or destruction of property owned or transported by the Insured, or property rented to or in charge of the Insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy."

Nationwide's contention is based on the definition of the word "insured" and the exclusion clause (f) quoted above. It takes the position that the vehicle damaged was property which was owned by and in the charge of Peek, an insured, and therefore no coverage was afforded to either Wilson or Peek.

The appellees argue that the "severability of interest" clause

contained in the policy requires a finding that the exclusion clause does not apply. The severability provision reads: "The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability."

Appellees contend the severability clause means: (1) that there are several insureds who are insured separately, independently of every other insured, therefore the effect of the clause was to separate the "omnibus" insured and the named insured in ascertaining the coverage of each; (2) when the term "insured" is used in exclusions, it is to be applied as meaning only the insured against whom the claim is made or the suit is brought; (3) that in this case "Wilson" (the person claiming coverage) should be substituted for the word "insured" wherever it appears in the exclusion clause. Following this theory the appellees take the position that exclusion "f" does not apply to Wilson because: (1) the property damaged did not belong to him; (2) nor was it transported by him; (3) nor was it rented to him; (4) nor was he in charge of it.

The question presented as to the effect of the exact provisions of the policy is one of first impression in this state. There is a split of authority in other jurisdictions, with able decisions supporting different views. See Ann., 50 ALR2d 78, 99. However, the weight of authority is that the intent of the parties was to exclude from coverage property owned by the named or additional insureds. The "severability of interest clause" does not modify the exclusion clause to mean only the person claiming coverage. Transport Ins. Co. v. Standard Oil Co. of Texas, 161 Tex. 93 (337 SW2d 284), and cases cited therein. The purpose of the liability policy issued by Nationwide to Watkins was to protect those operating the vehicles against claims from the public and not as against damages sustained among themselves.

In the Standard Oil Company of Texas case, 337 SW2d 284, 289, supra, when dealing with a "severability clause" identical to the one in this case, the court stated: "The 'severability of interests' clause contained in the two standardized policies presently involved was added to all standardized policies in 1955.

With the exception of the case of American Fidelity [248 F2d 509] . . . and the Simpson case [Mo. App., 327 SW2d 519] . . . the remaining cited cases . . . were decided before the adding of the 'severability of interests' clause. However, the policies involved in these two cases did not contain a 'severability of interests' clause. The addition of the 'severability of interests' clause does not indicate that the drafters of the policy form, by the addition of such clause, intended that the word 'insured' means only the person claiming coverage. We cannot adopt Standard's theory that by severing the interests in the case at bar, Standard is an insured under the 'omnibus clause' contained in the policy; the basis for Standard's contention being that the 'severability of interests' clause warrants the addition after the word 'insured' the words 'the insured who is asking for a defense', or 'the insured against whom the claim is made.' "

In deciding the Standard Oil Company of Texas case the court quoted from Simpson v. American Automobile Ins. Co., 327 SW2d 519, 528, which reads: "Simpson becomes an additional insured solely by reason of the Insuring Agreement III defining who is included in the unqualified word 'insured.' He was not a named insured and it seems clear that he should have no more protection under the policy than the primary insureds. . . In order to adopt the contention of the appellants and the position taken in the authorities cited by appellants we would have to interpolate in the exclusion clause such words as 'against whom liability is sought to be imposed,' or 'against whom an action is brought.' This we cannot do."

Applying the above stated principles, Peek was an insured under the provisions of the policy. The property which was damaged was owned by him and in his charge at the time of the collision. Therefore, under the exclusion clause no coverage was afforded for the damage to his vehicle. The trial court erred in denying the prayers for declaratory judgment.

2. In view of the ruling made in Division 1 of this opinion it is not necessary to pass upon the remaining enumerations of error.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*