69445. BLACKBURN v. STATE FARM FIRE & CASUALTY
COMPANY.
(329 SE2d 284)

BEASLEY, Judge.

This is an appeal from grant of summary judgment to defendant-appellee insurer against one of the insureds in an action to recover on a fire insurance policy.

Plaintiff-appellant Blackburn and his son operated a bakery

business in Savannah and the premises were destroyed by fire in August 1982. The insurer conducted an investigation and took recorded but unsworn statements from appellant and his son one week after the fire. They also completed the sworn proof of loss on insurer's form and provided various financial and inventory documentation requested. The policy conditions precedent to coverage require that the insured shall "submit to examination under oath," and that "no suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced suit within one year after the loss occurs." The trial court's order sets out some additional facts as follows: "State Farm repeatedly made requests upon [appellant] to appear at an appointed time and place for the purposes of being examined under oath as required by the insurance contract. By certified letter dated November 10, 1982, State Farm made a request for the sworn statement of each insured to be conducted on November 30, 1982. Due to an alleged conflict in the calendar of insured's attorney the statements were not taken. By letter dated December 8, 1982, another request was made for sworn statements to be taken on January 10, 1983. The insureds' attorney cancelled the scheduled statements. Another request for sworn statement of each of the insureds was made by letter dated January 13, 1983, and the scheduled appointment was again cancelled by plaintiffs' attorney.[1] In each demand letter sent by State Farm scheduling the sworn statements, [it] specified the person to take the examination and designated the time and place of the examination. On February 9, 1983, State Farm informed the insureds by letter to their attorney that it was unable to fully investigate the claim and was not in a position to deny or accept the claim of the insureds until such time as they performed the conditions precedent to coverage as they has previously been requested to do on numerous occasions. No further attempt to comply with the conditions precedent to coverage was made by either of the insureds until August 11, 1983, at which time [the son] agreed to appear for a sworn statement. [Appellant] has never complied with conditions precedent to coverage under the terms of this contract of insurance in that he has never submitted to an examination under oath as required and requested by State Farm. At the time [the son] submitted to a sworn statement, August 19, 1983, almost a year after the loss occurred, State Farm was presented with a note from [appellant's physician] indicating that [appellant] was unable to give a statement at that time."

---

[1] Appellant's attorney in a letter of January 26, 1983, to insurer's attorney regarding the investigation, reported as a reason for the delay in submitting to a sworn statement that insured had been in ill health and was recovering from a recent stroke. However, this was not supported by competent medical evidence.

The note stated that appellant "has neuromuscular disorder, secondary to cerebrovascular disease, and is unable to give testimony for deposition at this time." In his subsequent deposition, the physician stated that he examined appellant again on September 2, 1982 (after suit had been filed), that appellant's condition was still essentially the same, and that he still was unable to testify. Further, he stated that he first treated appellant for cerebrovascular disease symptoms on July 25, and that, due to the influence of the medication prescribed, appellant would not be in a condition to testify.

The trial judge granted summary judgment on the grounds that appellant had not complied with the policy condition precedent of submitting himself to examination under oath by appellee. *Held*:

The failure to comply with a condition precedent to coverage on an insurance policy may be excusable if the insured is dead, missing or physically or mentally disabled. See *Buffalo Ins. Co. v. Steinberg*, 105 Ga. App. 366 (1) (124 SE2d 681) (1962), and cases there cited; 44 AmJur2d 266, Insurance, § 1337. Such a failure does not automatically work a forfeiture of the policy unless there is an express stipulation to that effect, and there was none here. *Farm Bureau Mut. Ins. Co. v. Bennett*, 114 Ga. App. 623 (152 SE2d 609) (1966). The basis for the rule is the ordinary principle of contract law, which applies to contracts of insurance: " 'When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition precedent, or allege a sufficient legal excuse for its nonperformance.' " *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 560 (3) (177 SE2d 819) (1970).

Although the evidence indicates that appellant was given the opportunity to submit to an examination under oath several times prior to August 1983 and did not do so, appellant did supply medical evidence that he was not able to submit to such an examination before suit was filed. Thus we find a genuine issue of material fact which precludes summary judgment. OCGA § 9-11-56 (c).

" 'The question[] of the sufficiency of the excuse offered . . . [is] generally [a question] of fact, to be determined by the jury . . ." *Buffalo Ins. Co. v. Steinberg*, 105 Ga. App. 366, 371, supra.

*Judgment reversed. Carley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MARCH 11, 1985 —
REHEARING DENIED MARCH 26, 1985 —

*W. Jan Jankowski*, for appellant.

*William H. Pinson, Jr., William C. Prather*, for appellee.