75258. FOSKEY et al. v. CARTER et al.
(366 SE2d 401)

BENHAM, Judge.

Appellees, partners in a trucking business, procured a policy of insurance through Foskey's agency. Shortly thereafter, a leased trailer was damaged and appellees sought to recover under the policy. The insurer denied that there was coverage for damages to a trailer not owned by the insured, and refused to pay. Appellees subsequently suffered a judgment against them in favor of the owner of the trailer. They then brought suit against the insurer, the Georgia Insurers Insolvency Pool, and Foskey. In the first count of the complaint, appellees sought to hold the insurer and the insolvency pool liable in contract. The second count named the insurer and Foskey, alleging that Foskey was an agent of the insurer, and that if there was no coverage under the policy, it was because of the negligence of Foskey in failing to procure the insurance coverage requested. The third count alleged that the insolvency pool was liable for its negligence in failing to adjust the claim properly. The suit was brought in Laurens County, appellees' county of residence, under OCGA § 33-4-1 (4), which provides that a claim against an insurer may be brought in the county where the personal property covered by the policy is located, or where the persons entitled to the proceeds reside. Foskey filed a motion to dismiss the complaint as to him and a motion to strike the second count. The basis of both motions is that venue as to Foskey is improper in Laurens County with regard to the tort claim. In support of his motions, Foskey attached an affidavit from an officer of the insurer stat-

ing, among other things, that Foskey was not an agent of the insurer. This appeal is from the trial court's denial of Foskey's motions.

A trial judge is empowered to decide factual issues in the course of ruling on a motion questioning venue. *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (1) (305 SE2d 439) (1983). The evidence available to the trial court in this case consisted of an affidavit stating that Foskey was not an agent of the insurer. "Since an 'assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties,' such a statement may not be disregarded by the trial court. [Cit.]" *Nat. Property &c. Ins. Co. v. Wells*, 166 Ga. App. 281 (2) (304 SE2d 458) (1983). There being no evidence to counter that statement of fact in this case, it is established that Foskey was not an agent of the insurer. It is clear from the complaint that the asserted liability of the insurer for negligence was vicarious and was based on the existence of an agency relationship with Foskey. Since the nonexistence of that relationship has been established by the evidence, it follows that Foskey and the insurer are not jointly liable for the alleged negligence: if either one is, it is Foskey. Since venue as to Foskey was based on the assertion that he was a joint tortfeasor with the insurer, and there are no independent grounds asserted for establishing venue as to Foskey in Laurens County, the trial court erred in failing to rule in Foskey's favor as to the venue issue.

The remedy Foskey sought, dismissal of the claim against him, was not, however, the appropriate remedy. Instead, the trial court should have transferred the claim against Foskey to the county of Foskey's residence. *McCormick v. Rissanen*, 177 Ga. App. 623 (340 SE2d 268) (1986); *Hubbert v. Williams*, 175 Ga. App. 393 (3) (333 SE2d 425) (1985). Accordingly, the judgment of the trial court is reversed and this case remanded with direction to take action consistent with this opinion.

*Judgment reversed and case remanded with direction. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 25, 1988.

*Joe W. Rowland*, for appellants.
*Massie H. McIntyre*, for appellees.