A89A0251. CARTER et al. v. EARLY AMERICAN INSURANCE COMPANY OF MONTGOMERY, ALABAMA et al.
(383 SE2d 185)

BENHAM, Judge.

Appellants seek review of the grant of summary judgment to their insurance company, appellee Early American Insurance Company of Montgomery, Alabama (Early American), in their suit based on Early American's refusal to pay them benefits and to defend them in a prior suit. Appellants purchased business auto insurance for their tractor and "any non-owned trailers attached" to the tractor. While using their tractor, appellants damaged a trailer they had borrowed from a third party and attached to the tractor. Appellants sought insurance benefits for the damaged trailer, but Early American denied their claim. Early American took the position that appellants purchased collision (physical damage) coverage only for the tractor, not the trailer, and that the liability insurance they purchased for the trailer and tractor only covered damage to vehicles other than their own and excluded "property damage to property owned or transported by the insured or in the insured's care, custody or control." When the insurance company refused to pay appellants' claim and to defend the lawsuit that the trailer owner had filed against appellants for damage to his trailer, appellants sued Early American, the Georgia Insurer's Insolvency Pool, and the agent who sold them the policy, Gerald Foskey. See *Foskey v. Carter*, 186 Ga. App. 69 (366 SE2d 401) (1988). The trial court granted appellee Early American's motion for summary judgment. We find no error in that decision.

Appellants contend that Early American did not meet its burden

of proof on summary judgment. We disagree. In support of its motion, the insurance company produced a copy of the insurance application and the policy. The policy contained certain specific special endorsements, including Endorsement CA 99 28 that showed the tractor as the only covered automobile for collision and specified perils. The application and policy also showed that appellants paid a collision insurance premium only for the tractor. Appellee Early American's evidence, uncontradicted by appellants, showed that the trailer was not covered under the collision portion of the policy. The evidence also showed that appellants did pay a liability insurance premium for the tractor and "any non-owned trailer attached." Appellants contend that their claim should be satisfied under the liability insurance coverage for the vehicles, since the trailer they borrowed was damaged while it was attached to and operating with the tractor. Appellee contends that the general exclusion from liability coverage of "property damage to property owned or transported by the insured or in the insured's care, custody or control" applies to the non-owned trailer. Early American showed that the exclusion was a part of the policy in question when appellants purchased the policy, and appellants did not prove otherwise.

Assuming, as appellants would have us do, that the trailer is a covered auto under the liability portion of the policy, appellants still cannot recover from their insurance company for the damage to the trailer, since the accident occurred while the trailer was "in the insured's care, custody or control." "[T]he intent of the parties was to exclude from coverage property owned by the named or additional insureds. . . . [Cit.] The purpose of the liability policy issued by [Early American] to [Carter] was to protect those operating the vehicles against claims from the public and not as against damages sustained among themselves." *Nationwide Mut. Ins. Co. v. Peek*, 115 Ga. App. 678, 680 (155 SE2d 661) (1967). In other words, if the insured damages property that he owns or controls, he cannot recover for that damage under the liability portion of his insurance policy in the face of such an exclusion. Appellants were insured under the liability provisions of the policy. The property which was damaged, the trailer, was in appellants' charge at the time the damage occurred. Therefore, under the exclusion clause no coverage was afforded for the damage to the trailer. Id. at 681. The trial court did not err in granting appellee Early American's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 6, 1989.

*Wilson R. Smith*, for appellants.

*Joe W. Rowland, W. C. Brooks, James T. Budd*, for appellees.