### A90A2201. S & T TIMBER, INC. v. SOUTHERN GENERAL INSURANCE COMPANY.
(400 SE2d 379)

POPE, Judge.

This appeal is from the grant of summary judgment in favor of plaintiff/appellee Southern General Insurance Company (Southern General) in its declaratory judgment action to determine whether it was obligated to provide liability coverage for the owner of a vehicle it insured which was involved in a collision. On September 23, 1987, Donnie Whitehead was driving a tractor truck owned by Johnnie Whitehead and Whitehead Trucking Company, to which was attached a log trailer owned by C. A. Duncan, Southern General's insured. A collision occurred in which Charles Edward Blass was killed, and suit was filed in federal court by the administrator of his estate against Duncan and other parties. When Southern General brought the instant action, only Duncan and appellant/defendant S & T Timber responded.

The evidence is undisputed that Duncan owned a tractor truck and two log trailers, including the one involved in the collision, all of which were insured by Southern General. Item 5 of the declarations page of the policy identifies the tractor truck as an insured vehicle and also refers to "endorsement 150M-0," listing two trailers. The words "trailer" and "semi-trailer" are used interchangeably in the policy. Endorsement 150M-0 provides that "if policy declaration item 5 is completed to show the insured unit to be a tractor, the following description of insured semi-trailer applies. Any owned semi-trailer while singularly attached to the insured tractor." A trailer is defined as covered under the policy only "if not being used for business purposes." The exclusions page of the policy further provided that if the trailer attached to the insured tractor is not insured, coverage on the entire vehicle is specifically excluded.

Southern General argues that there is no coverage because at the time of the collision Duncan's trailer was attached to the tractor owned by Johnnie Whitehead and Whitehead Trucking, rather than Duncan's insured tractor; thus, the trailer was not insured under the terms of its policy, and it is entitled to judgment as a matter of law. S & T argues the trailer was a separately insured vehicle regardless of the ownership of the tractor to which it might be attached when a collision occurred. S & T further argues that the intent of the parties to insure the trailers as separate vehicles is shown by the fact that there were separate identifiable premiums paid for the tractor and

the trailers, and separate rating information given on the trailers. S & T argues that if the trailers were not covered except while attached to his tractor, Duncan received no benefit for the payment of the additional premium because he simply could have failed to describe them as insured units and they still would have been covered under the policy as long as they were attached to his tractor.

We do not agree. "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." OCGA § 33-24-16. " 'An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others.' (Cit. and punctuation omitted.) [Cit.]" *Lofton v. State Farm &c. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989).

The terms of the policy under review, including the endorsement and the exclusions, clearly establish that Duncan's tractor was the only insured vehicle thereunder, and that the trailers were insured only to the extent of the endorsement as defined therein and as referenced on the declarations page. Thus the trailers were insured only when attached to Duncan's insured tractor. If Duncan had not purchased the endorsement for the trailers, the entire tractor-trailer rig would have been excluded when used for a business purpose, and Duncan was in the business of hauling logs. Duncan paid the required additional premium only as consideration for the endorsement allowing him to avoid the exclusion. It follows that the trial judge correctly ruled that Southern General was entitled to summary judgment as a matter of law in regard to Duncan's liability coverage under the policy. See *Southern Trust Ins. Co. v. Ga. Farm Bureau Mut. Ins. Co.*, 194 Ga. App. 751 (3) (391 SE2d 793) (1990); *Carter v. Early American Ins. Co.*, 191 Ga. App. 820 (383 SE2d 185) (1989).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 5, 1990.

*Russell, Adamson & Stell, John E. Stell, Jr.*, for appellant.
*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul*, for appellee.