## A91A1991. HOLLIS et al. v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

(416 SE2d 827)

Cooper, Judge.

Appellee was granted summary judgment in a declaratory judgment action which was filed by appellee for the purpose of construing an exclusion in a homeowner's policy.

Theodore McLain ("McLain") owned a 1977 Ford station wagon which was towed to the driveway of McLain's house in 1986 after it was involved in an accident. The car remained in McLain's driveway, immobile, for approximately two years, and although the car was titled, it had not been tagged or insured since 1986. McLain used the car to store a lawnmower and other lawn tools, In May 1988, McLain desired to move the car from his driveway and his neighbor, John Hollis ("Hollis"), assisted McLain in an effort to start the car. McLain filed the tires with air, and Hollis installed a battery and connected up jumper cables. Hollis then primed the carburetor by pouring gasoline inside the carburetor while McLain turned the ignition. On the second such attempt to start the car, the engine backfired, and Hollis was burned with spewing gasoline. Hollis filed a negligence suit against McLain and appellee, McLain's homeowner insurer, then filed a declaratory judgment action, alleging that it had no duty to defend McLain and that it had no obligation to pay benefits under the policy. Appellee relied on an exclusion in the policy relating to motor vehicles. Appellants, McLain and Hollis, appealed the trial court's order granting summary judgment to appellee, urging that the court erred in holding that the policy exclusion operated to deny homeowner's coverage to McLain.

McLain's policy contained the following exclusion:

"1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage: . . . e. arising out of the: (1) ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any insured;

. . .''

Appellants contend that the exclusion does not apply in the instant case because the Ford station wagon was not a "motor vehicle" as contemplated by the policy and because appellants were engaged in an act of "repair," not an act of "maintenance," when the accident occurred. Appellants argue that "motor vehicle" is not defined in the policy; that the station wagon did not run and had not been operated for two years; that it had been used as a storage space; that "repair" is fundamentally different than "maintenance"; that the lack of definition in the policy created an ambiguity; and that the ambiguity should be construed in favor of the insured.

" 'The words used in policies of insurance, as in all other contracts, bear their usual and common significance [cit.], and policies of insurance are, as all other contracts, to be construed in their ordinary meaning.' " ([T]he parties') rights are to be determined by [the policy's] terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made.' " (Citations omitted.) *Macon-Bibb County Hosp. Auth. v. Continental Ins. Co.*, 196 Ga. App. 399, 401 (1) (396 SE2d 50) (1990). " '(I)f the provisions of an insurance policy are ambiguous, or if the provisions in it are conflicting, it is to be construed in favor of the insured and against the company. (Cit.) However, . . . "(c)ourts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract." (Cit.)' [Cit.]" *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991). We do not find the exclusion contained in appellee's policy to be ambiguous. First, we conclude that the Ford station wagon involved in the accident was a "motor vehicle" within the meaning of the policy exclusion. Despite the fact that the car did not run, it remained in substance a motor vehicle. Further, at the time of the accident, appellants had equipped the car with a battery and tires and were attempting to start the car and drive it from its place of rest, thus attempting to use the car as a motor vehicle. The car was not a "tool shed," as appellants would argue, but was what it was created to be, a motor vehicle. We also do not find the term "maintenance" as used in the exclusion to be ambiguous, and we reject appellants' contention that they were not engaged in maintenance at the time of the accident. Although we have discovered no Georgia cases directly on point,

several states have concluded in almost identical factual situations that "[an] attempt to start [a car] by pouring gas into the carburetor, which resulted in the ignition of the gas, involved the 'maintenance' of the vehicle within the terms of [the] exclusion." *Broadway v. Great American Ins. Co.*, 465 S2d 1124, 1128 (1985). See *Lawson v. Allstate Ins. Co.*, 456 S2d 1235 (1984); *Volkswagen Ins. Co. v. Nguyen*, 405 S2d 190 (1981); *Holliman v. MFA Mut. Ins. Co.*, 711 SW2d 159 (1986). The record shows that the accident occurred when appellants were trying to start the car, and at that time they were not performing any other work on the car. As stated in *Broadway*, supra, "[m]aintenance covers all acts which come within its ordinary scope and meaning. . . ." (Citations and punctuation omitted.) Id. at 1128. " ' "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Cit.)' [Cit.]" *S & T Timber v. Southern Gen. Ins. Co.*, 198 Ga. App. 18, 19 (400 SE2d 379) (1990). Appellants' actions were included in the meaning of "maintenance," and accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Douglas L. Breault, John G. Wolinski*, for appellants.
*Tittsworth & Grabbe, Michael W. Tittsworth*, for appellee.