A93A0295. McMILLON v. EMPIRE FIRE & MARINE
INSURANCE COMPANY, INC.
(433 SE2d 429)

COOPER, Judge.
This appeal arises from a personal injury action brought by appellant against Smalley Transportation Company, Inc. ("Smalley")

and Empire Fire & Marine Insurance Company, appellee herein. The trial court granted summary judgment to appellee and appellant appeals.

Appellant suffered injuries on February 21, 1990, when the automobile in which she was a passenger was struck by an 18-wheel tractor trailer owned and operated by Gail Washington, who had been hired by Smalley to haul goods under a trip lease agreement. Smalley was insured by National Union Fire Insurance Company of Pittsburgh ("National Union"). Washington's tractor trailer was insured by appellee under a policy of insurance which specifically and clearly provided that it was for "Non-Trucking Use." The insurance policy also contained a business use provision which excluded from liability coverage " 'bodily injury' or 'property damage' while a covered 'auto' is used to carry property in any business or while a covered 'auto' is used in the business of anyone to whom the 'auto' is leased or rented."

In her original complaint, appellant did not name National Union as a defendant but alleged that appellee was Smalley's insurer. Appellee denied that it insured Smalley or was a proper party to the action, and appellant was allowed to amend her complaint to add National Union as the insurer for Smalley. National Union answered the complaint and admitted that it insured Smalley as a motor common carrier at the time of the collision. Washington has never been named as a defendant in the action. The trial court found that appellee was not an insurer of Smalley and the policy of insurance covering Washington was for non-trucking use only, thus entitling appellee to summary judgment.

1. Appellant alleges in two enumerations of error that the policy issued by appellee was ambiguous and should have been construed against appellee. Specifically, appellant contends that some 27 inconsistencies exist as to whether appellee's insurance policy was issued to Washington for non-trucking use only, all of which must be construed in appellant's favor. However, the specified ambiguities consist of words or phrases quoted out of context and present no genuine issue of material fact when the policy is read in its entirety. Not only is the policy explicitly denominated as "Insurance for Non-Trucking Use," but there is no ambiguity at all in the language of the business use exclusion, which is controlling here. This exclusionary clause could not have recited with greater precision or clarity that the policy did not provide coverage while the tractor trailer was leased to another business or used to carry the property of any business. It is uncontroverted that at the time of the collision, Washington was operating the insured vehicle in both of the situations in which the policy excluded liability coverage.

" '(I)f the contract is ambiguous the ambiguity is to be resolved

against the insurer. (Cit.) But ambiguity is not to be created by lifting a clause or portion of the contract out of context. . . .' [Cits.]" *Titan Indem. Co. v. Hall County*, 202 Ga. App. 38, 39 (1) (413 SE2d 213) (1991). " 'Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy.' OCGA § 33-24-16. ' "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Cit. and punctuation omitted.) (Cit.)' [Cit.]" *S & T Timber v. Southern Gen. Ins. Co.*, 198 Ga. App. 18, 19 (400 SE2d 379) (1990); accord *Hollis v. St. Paul Fire &c. Ins. Co.*, 203 Ga. App. 252 (416 SE2d 827) (1992).

2. Appellant also argues that the fact that the policy states that it is for "Non-Trucking Use" is not controlling. However, even if that language was not controlling, the policy specifically did not provide coverage for the business use of covered vehicles. Therefore, under the facts of this case, summary judgment was still properly granted to appellee.

3. Appellant further contends that Washington's statement to the officer who investigated the accident naming appellee as the insurer created an ambiguity which required coverage under the policy. We find no merit to this argument. Washington's mistaken belief that appellee was the insurer cannot obligate appellee to provide coverage where none existed under the clear terms of the policy.

4. In her final enumeration of error, appellant contends that appellee was properly named as a defendant because under the direct action statute, the insurer can be named together with the motor common carrier as a defendant. See OCGA § 46-7-12 (e). Although this section provides for joinder of an insurer where that insurer has potential liability under an insurance policy, it does not create a cause of action against an insurer which, under the terms of its policy, cannot be liable with respect to the accident in question.

For the foregoing reasons, we conclude that the trial judge correctly ruled that appellee was entitled to summary judgment. *S & T Timber*, supra at 19.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 12, 1993.

*The Keenan Ashman Firm, Charles R. Ashman, Brian E. Krapf*, for appellant.

*Clark & Clark, Fred S. Clark, Brennan & Wasden, Wiley A.*

*Wasden III, Marvin W. McGahee*, for appellee.

