A93A1075. SCHROEDER et al. v. GEORGIA FARM BUREAU
MUTUAL INSURANCE COMPANY.
(439 SE2d 18)

JOHNSON, Judge.

The Schroeders filed an action against Georgia Farm Bureau Mutual Insurance Company (Farm Bureau) to recover damages incurred as a result of Farm Bureau's refusal to pay their insurance claim for a fire loss which destroyed their residence and the personal property it contained. The trial court granted Farm Bureau's motion for summary judgment, denied as moot the Schroeders' cross-motion for summary judgment, and the Schroeders appeal from both rulings. We affirm.

In asserting that it was entitled to judgment as a matter of law, Farm Bureau argued that the Schroeders had no insurable interest in the property, that the Schroeders had made material misrepresentations on their application for insurance, that they had violated a condition of the policy by using the residence in furtherance of a "business pursuit" thereby voiding the policy as a matter of law, and that it was not guilty of bad faith in denying coverage. Thereafter, the Schroeders filed a cross-motion for summary judgment in which they argued that Farm Bureau was estopped from denying coverage based upon lack of insurable interest due to its knowledge of the true ownership of the property at the time the policy was issued, that the Schroeders' conduct did not constitute a "business pursuit" within the meaning of the policy, that there was no causal connection between the Schroeders' conduct and the loss they incurred, that the policy language relied upon by Farm Bureau in denying coverage was contrary to Georgia law, and that the Schroeders were entitled to bad faith penalties as a matter of law.

The undisputed facts in the record show that in September 1985, Farm Bureau issued the homeowners' insurance policy which is at issue in this case providing coverage on the Schroeders' residence. Approximately 15 to 20 feet from their house, the Schroeders operated a store called Mac's Bait & Tackle. Farm Bureau had issued a separate business policy covering the store. In October 1990, the Schroeders installed three coin-operated video games and two coin-operated pool tables in two rooms of their residence. A sign was placed in their store indicating the availability of the machines and directing customers to their residence, where they were invited to operate these games and tables. The video games and pool tables were owned by Huckleberry Amusement, and the Schroeders received one-half of the gross proceeds they generated. On average, the Schroeders received approximately $300 per month in income from the operation of the video games and pool tables.

On December 25, 1990, a fire totally destroyed the Schroeders' residence and their personal property contained therein. The fire was caused by a wood heater located in the residence, not by the video games or pool tables. In fact, it is undisputed that the video games and pool tables were not in operation on the day of the fire.

In granting Farm Bureau's motion for summary judgment, the trial court found, as a matter of law, that the Schroeders did have an insurable interest in the property, but that the Schroeders' operation of the video game and pool table business in the house voided the homeowners' policy. The Schroeders' cross-motion for summary judgment was denied as moot. In their appeal, the Schroeders contend that the trial court erred in granting Farm Bureau's motion for summary judgment and in denying their motion for summary judgment.

The policy provided on its first page that "[Farm Bureau] will provide the insurance described in this policy in return for the premium *and compliance with all applicable provisions of this policy.*" (Emphasis supplied.) The special provisions section of the policy contained the following language: "(a) The residence premises is not seasonal; (b) no *business* pursuits are conducted on the *residence premises. . . .*" (Emphasis in original.)

1. The Schroeders assert as error the trial court's determination that the Schroeders' introduction of a business pursuit into their residence voided the insurance policy as a matter of law. We disagree.

As noted above, it is undisputed that the Schroeders were operating video games and pool tables for profit in the insured residence premises. The special provisions section of the policy quoted above constitutes a representation in clear and unambiguous terms that no business pursuits are conducted on the residence premises. "While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. . . . Where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." (Citations and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 778 (350 SE2d 325) (1986).

It is clear from the record that the Schroeders' pursuit of their video game and pool table business continued up through the date of the loss, although the games were not in operation on the day of the fire. Therefore, appellants' reliance on *Ga. Farm &c. Ins. Co. v. Brown*, 260 Ga. 160 (390 SE2d 586) (1990), is misplaced. The insurance company in *Brown* asserted that a change in ownership of property barred coverage. However, the property had been reconveyed to the original insured at the time of the loss. As a result, the court held that the various conveyances did not contribute to the loss, so coverage was not terminated. That case did not hold, as appellants would have it, that if the change of condition did not contribute to the loss it should not bar coverage. Nor is such an interpretation otherwise the law in Georgia. There is no requirement that a causal connection between the increased risk, in this case the operation of a commercial enterprise, and the loss itself be shown. See *Grigsby v. Houston Fire &c. Ins. Co.*, 113 Ga. App. 572, 574 (3) (148 SE2d 925) (1966); *American Alliance Ins. Co. v. Pyle*, 62 Ga. App. 156 (8 SE2d 154) (1940).

The quid pro quo set forth at the outset of the policy, "(w)e will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy," provided sufficiently clear notice to the insureds that coverage would

not lie in the event the insureds failed to comply with its provisions, such as the specific condition in this policy that "(n)o business pursuits are conducted on the residence premises."

"An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Citations and punctuation omitted.) *McMillon v. Empire Fire &c. Ins. Co.*, 209 Ga. App. 378, 380 (433 SE2d 429) (1993). The Schroeders' operation of the video game and pool table business in their residence voided the policy in this case as a matter of law, and the trial court did not err in granting Farm Bureau's motion for summary judgment on that basis.

2. In light of the foregoing, we hold that the trial court's ruling that the Schroeders' cross-motion for summary judgment was moot was correct.

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Cooper, Andrews and Smith, JJ., concur. Beasley, P. J., concurs specially. McMurray, P. J., and Blackburn, J., concur in part and dissent in part.*

BEASLEY, Presiding Judge, concurring specially.

Five "Special Provisions" are stated on the last page of the policy contract following but not part of the sections with the heading "Conditions" in large type. The special provisions are in the nature of representations made by the insured: "(a) The residence premises is not seasonal; (b) no business pursuits are conducted on the residence premises; (c) the residence premises is the only premises where the Named Insured or spouse maintains a residence other than business or farm properties; (d) the insured has no full time residence employee(s); (e) the insured has no outboard motor(s) or watercraft otherwise excluded under this policy for which coverage is desired. Exception, if any, to (a), (b), (c), (d), or (e) is entered on the Declarations Page. Absence of any entry means 'no exceptions.' "

No exceptions are stated on the Declarations Page. "Business" is defined in the policy as including "trade," which the activity of providing, for a fee, video games and pool tables constituted. Exclusions related to "business" specifically appear in the definitions.

Insureds' representation "(b)" was not true for the period mid-October 1990 until the date of the fire about eight weeks later (December 25, 1990), although it was true when the policy was purchased. Insurer agreed in the first sentence of the homeowners' policy, 16 pages before the Special Provisions, to furnish insurance "for the premium and compliance with all application provisions of the policy." There is no express warning that if one of the circumstances changes, coverage is lost. Nevertheless, it is implied. We cannot ignore that or require that such a warning be express. "[T]his court will not rewrite or change the terms to extend coverage." *Smith v. Southeast-*

*ern Fid. Ins. Co.*, 181 Ga. App. 316, 319 (352 SE2d 407) (1986).

The insureds did not comply with Special Provision (b). They introduced an activity which increased the risk and which the insurer had not agreed to cover. Thus, I agree that the premises are not covered, including the business property damaged or destroyed. This is true despite the property coverage section extending to "$2500 on property, on the residence premises, used at any time or in any manner for any business purpose." This provision is not inconsistent with the special condition which avoids coverage altogether if business pursuits are conducted on the residence premises.

BLACKBURN, Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court was correct in granting summary judgment to Farm Bureau on the issue of its liability for bad faith penalties. As Farm Bureau's defenses raised reasonable questions of law, an award for damages and attorney fees for bad faith was not authorized. *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263 (253 SE2d 745) (1979).

With regard to the coverage provided under the insurance contract, I dissent from the majority and find that the insurance contract was not voided by the Schroeders' actions.

Section I, Coverage "A" of the subject policy provides in part: "We cover: —————————————————————————————
9) $2500 on property on the residence premises *used at any time* or in any manner for any business purpose." (Emphasis supplied.) The existence of a condition contemplated by the policy cannot void coverage under the policy. The majority opinion renders this provision of the policy absolutely meaningless and such result violates the basic law of interpretation of contracts.

"The general rule is that if an insurance company intends for the violation of a policy provision to void the policy *ipso facto* it must so provide in the contract." *Cotton States Mut. Ins. Co. v. Boatright*, 100 Ga. App. 493, 495 (111 SE2d 645) (1959). See also *Blackburn v. State Farm Fire &c. Co.*, 174 Ga. App. 157 (329 SE2d 284) (1985) and *American Intl. Life Ins. Co. v. Hartsfield*, 147 Ga. App. 213 (248 SE2d 518) (1978). In the case sub judice, the insurance policy did not provide specifically that the policy would be voided ipso facto if the Schroeders conducted a business pursuit in their residence.

In order for the Schroeders' conduct to create a forfeiture, two clauses of the insurance contract must be construed together. The first clause, found on the first page of the policy, provided that the insurance described in the policy would be provided for the premium charged and compliance with all applicable provisions of the policy. The majority combines that statement with a special provision, found on the *back jacket* of the policy, which contained the following lan-

guage: "(a) The residence premises is not seasonal; (b) no business pursuits are conducted on the residence premises; (c) the residence premises is the only premises where the Named Insured or spouse maintains a residence other than business or farm properties; (d) the insured has no full time residence employee(s); (e) the insured has no outboard motor(s) or watercraft otherwise excluded under this policy for which coverage is desired. Exception, if any, to (a), (b), (c), (d) or (e) is entered on the Declaration Page. Absence of an entry means 'no exceptions.'"

"[T]he familiar rule that forfeitures are not favored, and that a contract will not be construed to work a forfeiture unless it is manifest that it was the intention of the parties that it should have that effect" requires that a specific provision voiding the policy is necessary. *Southern Fire Ins. Co. v. Knight*, 111 Ga. 622, 624 (36 SE 821) (1900). See also *Boatright*, supra. It is clear that rather than voiding the policy ipso facto, business pursuits on the premises are specifically contemplated by the policy. The policy excludes coverage where property damage arises from business pursuits, which is not the case here, and limits liability for damage to business property even where the loss is not caused by the business pursuits. The insurance policy at issue specifically provides that there is no coverage for property damage which arises out of business pursuits. Furthermore, the policy contains many conditions which expressly limit or exclude coverage for certain conduct and in certain instances. *Knight*, supra. Therefore, the insured is entitled to an equally specific provision stating that the policy will be voided in the event business pursuits are conducted on the premises, even though the loss does not arise out of the business pursuit.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED NOVEMBER 12, 1993 —
RECONSIDERATION DENIED DECEMBER 8, 1993 — ▮▮▮▮▮▮

*James B. Duncan III, John J. Czura*, for appellants.
*Dunaway & Wallace, Roger W. Dunaway, Jr.*, for appellee.