A03A2172. MORTON et al. v. FULLER et al.
(592 SE2d 460)

PHIPPS, Judge.

The Horace Mann Insurance Companies issued an insurance policy to Jo Ann and Albert Morton providing uninsured motorist coverage for their 1983 Cadillac Seville. While driving the Seville, Jo Ann Morton was involved in a collision with a truck. She later made a claim against Horace Mann for uninsured motorist benefits. Following denial of her claim, the Mortons brought this pro se action against Horace Mann in the State Court of Fulton County. On motion by Horace Mann, the case was transferred to the State Court of Gwinnett County where the action was dismissed. The Mortons appeal. Finding error in the transfer of the case from Fulton to Gwinnett County, we reverse.

In its answer to the Mortons' complaint, Horace Mann asserted in defense that the Mortons had failed to sue the driver of the truck as required by OCGA § 33-7-11 and that venue was improper. The Mortons subsequently filed an amended complaint adding Terry Fuller, the driver of the truck, as a party defendant. He was served with process in Spalding County. Horace Mann filed an answer to the amended complaint challenging its validity on the ground that the Mortons had failed to obtain a court order authorizing the addition of a party as required by OCGA § 9-11-21.

Horace Mann also filed a motion to transfer the case from the State Court of Fulton County to the State Court of Gwinnett County, on grounds that it did not maintain an office or agent in the former county but did maintain an agent for service of process in the latter. The State Court of Fulton County granted the motion to transfer. The Mortons' interlocutory appeal of the transfer order was dismissed because of their failure to obtain a certificate of immediate review. Horace Mann then moved to dismiss the action in the State Court of Gwinnett County due to the Mortons' failure to properly add the uninsured motorist as a party defendant. The State Court of Gwinnett County thereupon dismissed the Mortons' action without prejudice.

1. Horace Mann raises questions whether the Mortons' appeal is properly before this court and whether they can raise the issue of venue.

This is a proper appeal of a final judgment, as the Mortons' complaint has been dismissed without prejudice on motion by Horace Mann for failure of the Mortons to have properly joined the uninsured motorist as a party defendant. "Even though a dismissal without prejudice may allow the plaintiff[s] to recommence [their] claim at a later date, it is nonetheless a dismissal of the subject action."[1] It is thus an appealable final judgment where, as here, no other claims are pending.[2]

And

> [w]here an appeal is taken [from a final judgment], all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law. . . .[3]

Thus, the issue of venue is properly before us.

2. Therefore, we must decide whether the State Court of Fulton County erred in granting Horace Mann's motion to transfer due to improper venue. We conclude that it did.

"Under OCGA § 33-4-1 of the state insurance code, an injured plaintiff may bring a claim or demand against an insurer in several possible venues."[4] Under OCGA § 33-4-1 (4), such an action may be brought "[i]n any county where the property covered by an insurance contract upon which an action is brought is located or where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence."[5] Therefore, the Mortons were authorized to bring this suit in Fulton County, the county of their residence.

We do not doubt the merit of Horace Mann's claim that OCGA § 33-7-11 required the Mortons to bring this action naming the tortfeasor rather than the insurer as the defendant,[6] or of its claim

---

[1] *Gillis v. Goodgame*, 199 Ga. App. 413, 414 (2) (404 SE2d 815) (1991), rev'd on other grounds, 262 Ga. 117 (414 SE2d 197) (1992).

[2] See id.

[3] OCGA § 5-6-34 (d).

[4] *Jackson v. Sluder*, 256 Ga. App. 812, 817 (1) (569 SE2d 893) (2002).

[5] See *Foskey v. Carter*, 186 Ga. App. 69 (366 SE2d 401) (1988).

[6] See *Malave v. Allstate Ins. Co.*, 246 Ga. App. 783, 784 (541 SE2d 420) (2000); *U. S. Fidelity &c. Co. v. Lockhart*, 124 Ga. App. 810, 811 (1) (186 SE2d 362) (1971), aff'd, 229 Ga. 292 (191 SE2d 59) (1972).

that the Mortons' attempt to add the tortfeasor without a court order was unauthorized under OCGA § 9-11-21.[7] The State Court of Fulton County was, however, the proper court to decide those matters.[8] Given the delay caused by the erroneous transfer of this case to Gwinnett County, it is not too late for the Mortons to obtain the required court order.[9]

3. The remaining issues in this case are moot.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 16, 2003.

Jo Ann Morton, *pro se.*
Albert W. Morton, *pro se.*
*William C. Rhodes,* for appellees.
Terry F. Fuller, *pro se.*

---

[7] See *Young v. Rider*, 208 Ga. App. 147, 148 (1) (430 SE2d 117) (1993); *Slater v. Brigadier Homes*, 198 Ga. App. 67, 68 (400 SE2d 338) (1990).

[8] See *Foskey v. Carter*, supra.

[9] See *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. 483, 484 (469 SE2d 769) (1996).