A08A1462. LIBERTY MUTUAL FIRE INSURANCE COMPANY
v. AXIS SURPLUS INSURANCE COMPANY.
(669 SE2d 219)

JOHNSON, Presiding Judge.

After Donnette Vaughn filed a personal injury lawsuit against John Smith for injuries she sustained in an automobile accident, a dispute arose between Axis Surplus Insurance Company and Liberty Mutual Fire Insurance Company regarding whether they were obligated to indemnify or defend Smith in connection with the lawsuit. Axis filed a complaint for declaratory judgment, Liberty filed a counter-claim, and both parties filed motions for summary judgment. The trial court granted the motion for summary judgment filed by Axis and denied the one filed by Liberty. Liberty appeals, claiming that the trial court erred in failing to consider a lease agreement between Smith and his employer in determining the

---

intent of the parties regarding insurance coverage and that Smith was not an "insured" under the Liberty policy. We discern no error and affirm.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] We apply a de novo standard of review to an appeal from the grant or denial of summary judgment, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party.[2]

So viewed, the record shows that on October 14, 2004, Smith entered into an agreement with Bennett Truck Transport, LLC, pursuant to which he exclusively leased his 1985 International 9670 truck to Bennett and used the truck to transport mobile homes or offices on its behalf. On October 29, 2004, Smith drove from his home in Douglas to pick up a mobile office trailer from Bennett's facilities in Alma. Smith hired Vaughn and Justin Griffin to serve as escort drivers and assist him in delivering the trailer to Charleston, South Carolina.

On the return trip from Charleston, Smith hitched Vaughn's vehicle to his truck, and Vaughn rode as his passenger. Smith remained in contact with Bennett, calling at least twice to have Bennett put funds on his Comdata card so that he could purchase gasoline. On Highway 144, approaching Baxley, Smith's truck collided with another vehicle, and both Vaughn and Smith were injured.

At the time of the accident, Bennett had secured motor carrier liability coverage from Liberty. The Liberty policy provided coverage for the lessor of the truck as an "insured" only when the truck "is used in [Bennett's] business as a 'motor carrier' for hire." Bennett also secured "non-trucking automobile coverage" from Axis. The Axis policy excluded from coverage any damages sustained while the truck was being "used to carry property in [Bennett's] business or en route to or from such business purposes."

1. Liberty claims that the trial court erred in failing to evaluate the respective insurance policies in light of a provision of the lease agreement between Smith and Bennett. Liberty asserts that the lease agreement evidences an intent that Axis and not Liberty provide coverage for liability sustained after Smith's truck delivered its load. Such an interpretation, however, is directly contradicted by the terms of the Axis policy (which explicitly provides that no coverage is extended while the truck is "en route to or from such

---

[1] *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

business purpose"), and we will not alter Axis' contractual obligations based on a collateral agreement between Smith and Bennett.[3]

2. Liberty also argues that Smith was not an "insured" under the Liberty policy because his truck was not being used in Bennett's business after he dropped off the mobile office trailer in Charleston. This Court has found, however, that a lessor may remain in the trucking business, even after he has delivered his load, if he is acting within his normal "work pattern" or "operational routine" in furtherance of the interests of the lessee/trucking company.[4]

Liberty points to our decision in *Axa Global Risks v. Empire Fire & Marine Ins. Co.*[5] to support its claim that Smith's use of the truck was of a personal, not business, nature at the time of the accident. In *Axa Global*, however, the lessor had not only delivered his load, but also had "completed [his] run" by returning to the lessee/trucking company's yard and dropping off the empty trailer.[6] In addition, the lessor in *Axa Global* did not own a personal vehicle and used the leased truck as his sole means of transportation.[7]

Here, Smith's normal work pattern was to pick up a mobile home or office trailer in Alma, deliver it, and then return to the Alma/Douglas area so that he would be ready for his next job. Smith's practice was to park the truck either at Bennett's facility in Alma or at his home in Douglas, although he acknowledged that he once parked it in Baxley. While Smith stated that he was driving "home" at the time of the collision, he had not yet reached Baxley, Alma, or Douglas when the collision occurred. In addition, Smith also owned a smaller truck that he regularly used for personal matters.

Despite Liberty's claims, Smith's decision to tow Vaughn's vehicle was also part of the operational routine of the trucking business. Smith testified that it was common practice to tow the vehicles of escort drivers on the return trip in order to save on gasoline and lessen the wear on the vehicles, and Vaughn testified that she always had her vehicle towed on the return trip, regardless of whether the truck driver was Smith or someone else.

Unlike the driver in *Axa Global*, who had completed his business and had set off for a personal destination, Smith was still en route to

---

[3] See *Carolina Cas. Ins. Co. v. Underwriters Ins. Co.*, 569 F2d 304, 314 (5th Cir. 1978); *Schroeder v. Ga. Farm &c. Ins. Co.*, 211 Ga. App. 302, 304 (1) (439 SE2d 18) (1993) ("Where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made.") (citations and punctuation omitted).

[4] *Hot Shot Express v. Assicurazioni Generali, S.P.A.*, 252 Ga. App. 372, 375 (556 SE2d 475) (2001).

[5] 251 Ga. App. 543 (554 SE2d 755) (2001).

[6] Id. at 544.

[7] Id.

the Alma/Douglas area when the accident occurred. Because Smith had not deviated from his regular work pattern or operational routine that served to benefit Bennett, we find as a matter of law that his truck was being used in Bennett's business at the time of the collision.[8] The trial court, therefore, properly found that Smith was an "insured" under the Liberty policy and granted summary judgment in favor of Axis.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 6, 2008.

*Carlock, Copeland & Stair, Shannon M. Sprinkle, David F. Root, Hugh M. Ruppersburg*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, McCall, Williams, Wilmot & Powell, Robert C. Wilmot, Preston & Preston, Robert H. Preston*, for appellee.